# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

BLUEPRINT CAPITAL ADVISORS, LLC,

    Plaintiff,

v.

STATE OF NEW JERSEY, et al.

    Defendants.

Civil Action No. 2:20-cv-07663

*Document Filed Electronically*

Oral Argument Requested

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SAMANTHA ROSENSTOCK'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

---

CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 325-1500
Facsimile: (973) 325-1501

*Attorneys for Samantha Rosenstock*

*On the Brief:*
Jeffrey S. Chiesa
Ronald L. Israel
Katherine M. Romano
Aaron P. Davis

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................1

LEGAL ARGUMENT ................................................................................4

   I.   PLAINTIFF'S CLAIMS AGAINST MS. ROSENSTOCK IN HER OFFICIAL CAPACITY ARE BARRED BY THE ELEVENTH AMENDMENT ................................................4

   II.   PLAINTIFF'S CLAIMS AGAINST MS. ROSENSTOCK UNDER 42 U.S.C. § 1981 MUST BE DISMISSED BECAUSE 42 U.S.C. § 1983 PROVIDES AN EXCLUSIVE REMEDY ....................................................6

   III.   EACH OF PLAINTIFF'S CLAIMS AGAINST MS. ROSENSTOCK IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS ..........................................8

      A.   For All Claims Alleged Against Ms. Rosenstock, the Statute of Limitations is Two Years ...........................8

      B.   The Statute of Limitations Expired Long Prior to the Filing of Plaintiff's Complaint in June 2020 Because Plaintiff's Claims Accrued at Least as of July 2016 ..................9

      C.   Ms. Rosenstock Left Employment with the State as of March 2018, More than Two Years Prior to the Filing of Plaintiff's Complaint ...................................11

      D.   Dismissal of Plaintiff's Untimely Claims as Against Ms. Rosenstock is Both Appropriate and Necessary ...............13

   IV.   PLAINTIFF'S CONCLUSORY AND THREADBARE ALLEGATIONS FAIL TO STATE ANY VIABLE CLAIM AGAINST MS. ROSENSTOCK .........................................14

      A.   Legal Standard ........................................................14

      B.   The Elements Plaintiff Must Plead to State a Claim ...............16

      C.   Plaintiff's Allegations of Wrongful Conduct by Ms.

Rosenstock are Conclusory and Do Not Plausibly Give Rise to Any Viable Claim ................................................17

D.  Plaintiff's "Retaliation" Claims are Duplicative of its "Discrimination" Claims and Should be Dismissed ................................................................................20

CONCLUSION .........................................................................................22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................15, 20

*Barroso v. N.J. Transit Corp.*,
Civ. No. 07-3978 (WHW), 2011 WL 111577 (D.N.J. Jan. 13,
2011) ..............................................................................................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................14, 15

*Benjamin v. City of Atlantic City*,
Civ. No. 12-3471, 2014 WL 884569 (D.N.J. March 6, 2015) ............................7

*Bullock v. Borough of Roselle*,
Civ. No. 17-13208 (KM), 2018 WL 4179481 (D.N.J. Aug. 31,
2018) ..............................................................................................................15

*CBOCS West, Inc. v. Humphries*,
553 U.S. 442 (2008)................................................................................................21

*Chase Sec. Corp. v. Donaldson*,
325 U.S. 304 (1945)................................................................................................13

*Chavarriaga v. N.J. Dep't of Corr.*,
806 F.3d 210 (3d Cir. 2015) ................................................................................20

*Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*,
140 S. Ct. 1009 (2020)................................................................................3, 17, 19

*Connelly v. Lane Constr. Corp.*,
809 F.3d 780 (3d Cir. 2016) ................................................................15, 17, 18

*Didiano v. Balicki*,
488 F. App'x 634 (3d Cir. 2012) ................................................................5

*Dique v. N.J. State Police*,
603 F.3d 181 (3d Cir. 2010) ................................................................8, 10

*Doe v. Sizewise Rentals, LLC*,
  530 F. App'x 171 (3d Cir. 2013) .......................................................................19

*Dukes v. New Jersey Transit Corp.*,
  Civ. No. 16-08947 (CCC), 2018 WL 1378726 (D.N.J. Mar. 19,
  2018) .........................................................................................................................7

*Endl v. New Jersey*,
  5 F. Supp. 3d 689 (D.N.J. 2014).....................................................................4, 5

*Estate of Lagano v. Bergen Cty. Prosecutor's Office*,
  769 F.3d 850 (3d Cir. 2014) ..............................................................................5

*Evans v. Port Auth. of N.Y. & N.J.*,
  Civ. No. 06-3239 (JAG), 2007 WL 3071808 (D.N.J. Oct. 18, 2007)................7

*Galligan v. Westfield Centre Serv., Inc.*,
  82 N.J. 188 (1980) ..............................................................................................13

*Hous. Auth. of Union City. v. Commonwealth Tr. Co.*,
  25 N.J. 330 (1957) ..............................................................................................13

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
  458 F.3d 244 (3d Cir. 2006) ..............................................................................12

*Jett v. Dallas Independent School District*,
  491 U.S. 701 (1989)........................................................................................6, 7

*Lapolla v. County of Union*,
  449 N.J. Super. 288 (App. Div. 2017)................................................................9

*Lopes v. Swyer*,
  62 N.J. 267 (1973) ..............................................................................................13

*McGovern v. City of Philadelphia*,
  554 F.3d 114 (3d Cir. 2009) ...........................................................................6, 7

*N'Jai v. Floyd*,
  386 F. App'x 141 (3d Cir. 2010) .......................................................................9

*O'Neal v. Middletown Twp.*,
  Civ. No. 3:18-cv-5269-BRM, 2019 WL 77066 (D.N.J. Jan. 2,
  2019) ........................................................................................................................16

*Pagliaroli v. Ahsan*,
  Civ. No. 18-9683 (BRM), 2019 WL 979244 (D.N.J. Feb. 28, 2019) ...........6, 20

*Papsan v. Allain*,
  478 U.S. 265 (1986)..............................................................................................15

*Peteete v. Asbury Park Police Dep't*,
  Civ. No. 09-1220 MLC, 2010 WL 5150171 (D.N.J. Dec. 13,
  2010), *aff'd*, 477 F. App'x 887 (3d Cir. 2012) ....................................................5

*Phillips v. County of Allegheny*,
  515 F. 3d 224 (3d Cir. 2008) ..............................................................................14

*Schmidt v. Skolas*,
  770 F.3d 241 (3d Cir. 2014) ..................................................................................8

*Schneyder v. Smith*,
  653 F.3d 313 (3d Cir. 2011) ................................................................................16

*Talbert v. Judiciary of N.J.*,
  Civ. No. 09-2782 (SRC), 2010 WL 1799600 (D.N.J. May 4, 2010) ...................7

*Wallace v. Kato*,
  549 U.S. 384 (2007).........................................................................................8, 10

*Waselik v. Twp. of Sparta*,
  Civ. No. 16-4969, 2017 WL 2213148 (D.N.J. May 18, 2017).......................8, 10

*White v. Williams*,
  179 F. Supp. 3d 405 (D.N.J. 2002 ......................................................................20

*Will v. Michigan Department of State Police*,
  491 U.S. 58 (1989)................................................................................................4

**Statutes**

42 U.S.C. § 1981 ......................................................................................*passim*

42 U.S.C. § 1983 ......................................................................................*passim*

N.J. Stat Ann. 2A:14-2(a) .....................................................................................8

N.J. Stat. Ann. 10:6-2(c) ......................................................................................17

N.J. Stat. Ann. 59:10-1, 59:10A-1 .............................................................................6

New Jersey Civil Rights Act ............................................................*passim*

**Other Authorities**

Federal Rule of Civil Procedure 8 ....................................................................8, 14

Federal Rule of Civil Procedure 12(b)(6) ......................................................*passim*

## PRELIMINARY STATEMENT

Plaintiff Blueprint Capital Advisors, LLC brings this action against the State of New Jersey's Division of Investment ("DOI"), Blackrock Inc., Blackrock Alternative Advisors, Cliffwater, LLC, and six individual defendants including Samantha Rosenstock, former Head of Alternative Investments at DOI. As against Ms. Rosenstock and the other "State Defendants" as defined in the Complaint (*see* Complaint (ECF No.1) ("Compl.") n.1), Plaintiff alleges civil rights claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the New Jersey Civil Rights Act ("NJCRA"). (Compl. ¶¶ 198-225.) Ms. Rosenstock, by and through counsel, moves to dismiss Plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6), as Plaintiff's claims are barred by the applicable statute of limitations, barred by the sovereign immunity protections of the Eleventh Amendment, and fail to state any plausible claim as against Ms. Rosenstock.

Other than to identify Ms. Rosenstock as a party, Plaintiff's Complaint makes no mention of Ms. Rosenstock until Paragraph 147 of Plaintiff's 248-paragraph Complaint. While Plaintiff's Complaint suffers from serious pleading deficiencies as it relates to Ms. Rosenstock, the Court need not reach those issues because Plaintiff's claims against Ms. Rosenstock are barred by the two-year statute of limitations and the Eleventh Amendment. It is apparent on the face of Plaintiff's Complaint that its claims are untimely:  Plaintiff's Complaint expressly alleges that

it was aware of (and already asserting) a claim that it had been damaged as a result of race discrimination at the State DOI at least as of 2016, four years before filing its Complaint in 2020. (*See* Compl. ¶¶ 86, 89-92, 116-17.) In addition, as Plaintiff's Complaint acknowledges, Ms. Rosenstock separated from State employment following a turnover to a new State administration under Governor Murphy, which took place more than two years prior to the filing of Plaintiff's Complaint. (*See* Compl. ¶¶ 172-73). Because all of Plaintiff's claims against Ms. Rosenstock are based on her conduct as Head of Alternatives at DOI, a position she no longer held as of March 2, 2018, and all claims necessarily accrued more than two years prior to the filing of Plaintiff's Complaint in June 2020, Plaintiff's claims are barred by the statute of limitations. Additionally, because the State is the real party in interest with respect to Plaintiff's claims against Ms. Rosenstock, she is immune from suit in her official capacity pursuant to sovereign immunity.

Finally, even if Plaintiff's claims were timely and not barred by sovereign immunity, and even accepting all of Plaintiff's allegations as to Ms. Rosenstock as true, as this Court must when assessing Ms. Rosenstock's Rule 12(b)(6) motion to dismiss, Plaintiff has failed to state any civil rights claim against Ms. Rosenstock. Plaintiff's Complaint is totally devoid of any allegation that Ms. Rosenstock acted with discriminatory intent: there are no allegations that Ms. Rosenstock engaged in any of the complained-of conduct because of Plaintiff's status as a minority-owned

company, no allegation that Ms. Rosenstock even knew that Plaintiff was a minority-owned company, and no allegation that Ms. Rosenstock knew that Plaintiff had complained to others about perceived racial discrimination. As the Supreme Court recently confirmed, to succeed on a claim that a party has been deprived of its rights under 42 U.S.C. § 1981, "a plaintiff must initially plead and ultimately prove that, *but for* race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (emphasis added). Plaintiff has failed to present any factual allegation that race was a "but for" cause of Ms. Rosenstock's alleged conduct, and its Complaint must be dismissed for failure to state a claim.

Plaintiff's Complaint is replete with sensationalist rhetoric and accusations of conspiracy and racism at New Jersey's DOI, including a baseless allegation that Plaintiff created the "FAIR" acronym and program, although as Plaintiff well knows, the acronym and program was created by the State. Plaintiff essentially contends that it was entitled to a contract with the State, that the State was responsible for failures in Plaintiff's own business plan, and that the State, despite its obligation to safeguard and protect public funds, discriminated against Plaintiff by engaging in standard due diligence and fee negotiations. Although Plaintiff's Complaint expressly acknowledges that it has been complaining about racial discrimination by the DOI for years, Plaintiff inexplicably waited until well after the expiration of the statute

of limitations to assert its claims. Plaintiff's meritless and untimely accusations against Ms. Rosenstock, an individual defendant and private citizen, should be dismissed by this Court at the earliest possible juncture given that Plaintiff's claims are time barred, barred by sovereign immunity, and fail to state a claim.

Accordingly, and for reasons stated in greater detail below, Ms. Rosenstock respectfully requests that her motion be granted, and that the Court issue an order dismissing all claims against Ms. Rosenstock with prejudice.

## **LEGAL ARGUMENT**

### I. **PLAINTIFF'S CLAIMS AGAINST MS. ROSENSTOCK IN HER OFFICIAL CAPACITY ARE BARRED BY THE ELEVENTH AMENDMENT**

The Eleventh Amendment incorporates a "general principle of sovereign immunity that bars citizens from bringing suits for damages against any state in federal court." *Endl v. New Jersey*, 5 F. Supp. 3d 689, 697 (D.N.J. 2014). This Court has recognized that "a state is not considered a 'person' for purposes of Section 1983 because it is protected by sovereign immunity," and "[i]n Section 1983 actions, the protection of the Eleventh Amendment extends to arms of a state, including agencies, departments, and officials – when the state is the real party in interest." *See id*. As the Supreme Court confirmed in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), "neither a State *nor its officials acting in their official capacities* are 'persons' under § 1983." (emphasis added). "The same sovereign

immunity reasoning has been applied to claims for damages against the state and its entities pursuant to the NJCRA." *Endl*, 5 F. Supp. 3d at 697; *see Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 856 (3d Cir. 2014) ("New Jersey district courts have interpreted the NJCRA as having incorporated the Supreme Court's decision in *Will* that, for purposes of § 1983, states and state officials acting in their official capacity are not amenable to suit.").[1]

"In determining whether the named party is an arm of the state such that the state is a real party in interest, courts are to consider whether 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" *Peteete v. Asbury Park Police Dep't*, Civ. No. 09-1220 MLC, 2010 WL 5150171, at *3 (D.N.J. Dec. 13, 2010), *aff'd*, 477 F. App'x 887 (3d Cir. 2012) (quoting *Fitchik v. N.J. Transit Rail Operations*, Inc., 873 F.2d 655, 659 (3d Cir. 1989)). In this case, the effect of a judgment in Plaintiff's favor would be to compel the State to act, and a judgment against Ms. Rosenstock would be paid from the public treasury. *See* N.J. Stat. Ann. 59:10-1, 59:10A-1.

---

[1] As courts have recognized, one of the remedies under the NJCRA is the imposition of a civil penalty to be paid to the State Treasurer for deposit into the State General Fund: "[i]f the State were found liable in an NJCRA action, therefore, it would create the bizarre result of the State paying a civil penalty to itself.  This suggests that the legislature did not contemplate State liability under the NJCRA."  *See Didiano v. Balicki*, 488 F. App'x 634, 638 n. 4 (3d Cir. 2012).

Because Ms. Rosenstock was a state official acting in her official capacity at all times relevant to the Complaint, the same protections of the Eleventh Amendment that render the State immune from suit under § 1983 also extend to Ms. Rosenstock. This Court should dismiss all claims asserted against Ms. Rosenstock in her official capacity, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *Pagliaroli v. Ahsan*, Civ. No. 18-9683 (BRM), 2019 WL 979244, *2 (D.N.J. Feb. 28, 2019) (granting motion to dismiss all claims for monetary damages under § 1983 and NJCRA against individual defendant in his official capacity).

## II.  PLAINTIFF'S CLAIMS AGAINST MS. ROSENSTOCK UNDER 42 U.S.C. § 1981 MUST BE DISMISSED BECAUSE 42 U.S.C. § 1983 PROVIDES AN EXCLUSIVE REMEDY

As the Supreme Court held in *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989), Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Accordingly, Plaintiff's claims under § 1981 against Ms. Rosenstock are not independently cognizable and must be dismissed because they merge with Plaintiff's § 1983 claims.

In *McGovern v. City of Philadelphia*, 554 F.3d 114, 120-21 (3d Cir. 2009), for example, the Third Circuit affirmed dismissal of § 1981 claims pursuant to Fed. R. Civ. P. 12(b)(6) because § 1981 does not itself provide a private right of action against state actors. The Third Circuit expressly confirmed in *McGovern* that the

Supreme Court's holding in *Jett* was not overruled by subsequent amendments to

§ 1981. 554 F.3d at 120-21. Courts in this District have likewise confirmed, post-

*Jett*, that where a plaintiff raises claims under both § 1981 and § 1983, the § 1981

claim "in effect merges with [the] § 1983 claim, and the Court will treat the two as

a single claim." *Dukes v. New Jersey Transit Corp.*, Civ. No. 16-08947 (CCC), 2018

WL 1378726, at *2 n.5 (D.N.J. Mar. 19, 2018); *Benjamin v. City of Atlantic City*,

Civ. No. 12-3471 (JBS/AMD), 2014 WL 884569, *9 (D.N.J. March 6, 2015)

(granting summary judgment as to § 1981 claims and observing that *McGovern* is

"binding precedent from the Third Circuit"); *Talbert v. Judiciary of N.J.*, Civ. No.

09-2782 (SRC), 2010 WL 1799600, at *3 (D.N.J. May 4, 2010); *Evans v. Port Auth.*

*of N.Y. & N.J.*, Civ. No. 06-3239 (JAG), 2007 WL 3071808, *9 (D.N.J. Oct. 18,

2007).

For these reasons, Plaintiff's § 1981 claims against Ms. Rosenstock –

presented as Plaintiffs' "First" and "Second" Causes of Action – must be dismissed,

with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), as § 1983 provides Plaintiff's

exclusive remedy. *See McGovern*, 554 F.3d at 122 (affirming dismissal of § 1981

claim pursuant to Fed. R. Civ. P. 12(b)(6)); *Evans*, 2007 WL 3071808, at *9, *15

(same, dismissing § 1981 claims with prejudice).

III.   **EACH OF PLAINTIFF'S CLAIMS AGAINST MS. ROSENSTOCK IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Although the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), a complaint may be dismissed on statute of limitations grounds pursuant to Fed. R. Civ. P. 12(b)(6) when the statute of limitations defense is "apparent on the face of the complaint." *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *see Waselik v. Twp. of Sparta*, Civ. No. 16-4969, 2017 WL 2213148, *3 (D.N.J. May 18, 2017). Such is the case here.

### A. For All Claims Alleged Against Ms. Rosenstock, the Statute of Limitations is Two Years

Section 1983 provides a cause of action for the violation of a federal right. State law, however, "provides the statute of limitations applicable to a section 1983 claim." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007). "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique*, 603 at 185. The applicable state in this matter is New Jersey, where the conduct at issue is alleged to have occurred, and where Plaintiff has its headquarters and principal place of business. (*See* Compl. ¶ 21.) New Jersey's statute of limitations for personal-injury torts is two years, *see* N.J. Stat Ann. 2A:14-2(a). The same two-year statute of limitations applies to claims

under the NJCRA. *Lapolla v. County of Union*, 449 N.J. Super. 288, 298 (App. Div. 2017).

The two-year statute of limitations applies to Plaintiff's claim for violation of § 1981, which is only cognizable under § 1983 because § 1981, as explained above, "does not provide a private right of action against a state actor." *Barroso v. N.J. Transit Corp.*, Civ. No. 07-3978 (WHW), 2011 WL 111577, *4 (D.N.J. Jan. 13, 2011) (dismissing § 1981 claim and applying the statute of limitations applicable to § 1983); *N'Jai v. Floyd*, 386 F. App'x 141, 144 (3d Cir. 2010) (affirming dismissal of § 1981 claims based on two-year statute of limitations applicable to § 1983).[2]

Plaintiff filed the present action against Ms. Rosenstock and others on June 23, 2020. Accordingly, Plaintiff's federal and state civil rights claims are barred by the applicable statute of limitations if they accrued prior to June 23, 2018.

## B. The Statute of Limitations Expired Long Prior to the Filing of Plaintiff's Complaint in June 2020 Because Plaintiff's Claims Accrued at Least as of July 2016

It is apparent from the face of Plaintiff's Complaint that Plaintiff's claims accrued well prior to June 23, 2018. "[T]he accrual date of a § 1983 cause of action

---

[2] To the extent Plaintiff argues that a longer statute of limitations should apply to its claim based on violation of § 1981, such argument is unavailing as against Ms. Rosenstock. As Plaintiff's Complaint expressly alleges, Ms. Rosenstock left employment with the State prior to contract formation (*see* Compl. ¶¶ 172-73) and, thus, Plaintiff's claims as against Ms. Rosenstock are necessarily based on pre-contract, not post-contract, formation.

is a question of federal law." *Wallace*, 549 U.S. at 388; *Dique*, 603 F.3d at 185-86. A plaintiff's claim accrues "when the plaintiff has a complete and present cause of action." *Wallace*, 549 U.S. at 388 (internal quotation marks and citation omitted). In other words, the cause of action "accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Id.* at 391 (internal quotation marks and citation omitted). A cause of action accrues "even though the full extent of the injury is not then known or predictable," and as the Supreme Court has held, "[w]ere it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Id.* (internal quotation marks and citation omitted). "Accrual does not require that plaintiff be aware of *all* of the facts . . . . [n]or need the plaintiff contemporaneously appreciate the legal ramifications of the facts." *Waselik*, 2017 WL 2213148 at *4 (emphasis in original).

The allegations of Plaintiff's Complaint make clear that Plaintiff's claims accrued at least as of 2016, and possibly earlier. Plaintiff's Complaint expressly alleges that it suffered damages in July 2016, when Plaintiff alleges that "the DOI formally announced that it was proceeding with a deal with BlackRock, and had decided that it would no longer engage in the FAIR program with Blueprint." (Compl. ¶ 86.) Plaintiff alleges that it learned of "Defendants' discriminatory animus" shortly thereafter from Defendant McDonough. (Compl. ¶¶ 89-92.)

Plaintiff alleges that it then complained about "unlawful discriminatory conduct" and "racial injustice perpetrated by DOI and its staff and officers" to Tom Byrne and Defendant McDonough, making clear that Plaintiff was aware of the basis for its present civil rights claims at that time. (Compl. ¶¶ 3, 116-17.) Although the Complaint does not specifically allege dates on which those complaints were made, it is clear from the context of the Complaint that they were made between July 2016 and January 2017, when Plaintiff entered into the "Amended DOI Agreement," as it is described in the Complaint. (*See* Compl. ¶ 118.)

Because it is apparent from the face of the Complaint that Plaintiff alleges that it suffered damages as the result of race discrimination at least as of July 2016 and that Plaintiff was aware of Defendants' alleged discriminatory animus at least as of 2016, Plaintiff's civil rights claims are barred by the statute of limitations and this Court should dismiss those claims, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Ms. Rosenstock Left Employment with the State as of March 2018, More than Two Years Prior to the Filing of Plaintiff's Complaint

All of Plaintiff's allegations as against Ms. Rosenstock are based on her conduct as the Head of Alternative Investments for the DOI. (*See, e.g.*, Compl. ¶¶ 147-49, 159-67, 169-73.) It was only in Ms. Rosenstock's capacity as a State employee that Ms. Rosenstock could have been acting "under color of state law," an essential element of Plaintiff's civil rights claims under § 1983 and the NJCRA, and

it was only in Ms. Rosenstock's capacity as a State employee that she could have had any role in impacting Plaintiff's ability to contract with the State, which is the foundation of Plaintiff's claim for violation of § 1981. As Plaintiff expressly recognizes in its Complaint, Ms. Rosenstock separated from employment with the State and the DOI in connection with the turnover to the Murphy Administration, which took place in early 2018. (*See* Compl. ¶ 172.) Ms. Rosenstock separated from employment with the State of New Jersey on March 2, 2018.[3] After that date, she was no longer employed by the State and had no involvement with the State's dealings or interactions with Plaintiff.

Plaintiff cannot contend that it discovered Ms. Rosenstock's conduct only later, because its Complaint specifically alleges that it was made aware of Ms. Rosenstock's conduct, of which it now complains, at least as of May 30, 2018. (Compl. ¶ 159.) Because any of Plaintiff's claims against Ms. Rosenstock necessarily accrued prior to her departure from employment with the State in March 2018 or, at the latest, as of May 30, 2018, Plaintiff's claims as against Ms. Rosenstock are all barred by the statute of limitations.

---

[3] The date Ms. Rosenstock left employment with the State, a public entity, is a matter of public record of which this Court can take judicial notice. *See also* https://www.institutionalinvestor.com/article/b18vpcj8vj5qg6/New-Jersey-s-Investment-Chief-Chris-McDonough-Resigns (news article referencing Ms. Rosenstock's March 2018 departure from DOI).  *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc*., 458 F.3d 244, 256 n.5 (3d Cir. 2006).

### D. Dismissal of Plaintiff's Untimely Claims as Against Ms. Rosenstock is Both Appropriate and Necessary

As the Supreme Court has recognized, statutes of limitations "are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314 (1945). The "primary purpose" of a statute of limitations "is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend." *Hous. Auth. of Union City. v. Commonwealth Tr. Co*., 25 N.J. 330, 335 (1957); *see Lopes v. Swyer*, 62 N.J. 267, 274 (1973) (holding that "the principal consideration" underlying the enactment of statutes of limitations "is one of fairness to the defendant"). "Scarce judicial resources are therefore best conserved for litigation timely commenced." *Galligan v. Westfield Centre Serv., Inc.*, 82 N.J. 188, 192 (1980).

Here, Plaintiff's claims are based on years-old allegations that, as to Ms. Rosenstock, all date back prior to her separation from State employment on March 2, 2018. According to Plaintiff's own Complaint, Plaintiff has been complaining about race discrimination at the DOI for many years, yet, inexplicably, Plaintiff waited until June 2020 to commence this action. Plaintiff's delay has placed Ms. Rosenstock at a significant disadvantage in formulating a defense, given that memories have faded with the passage of time and that Ms. Rosenstock has moved

on with her life, career, and family, having been separated from the DOI for almost three years with no access to documents, files, and papers associated with her work at the DOI. Under these circumstances and because Ms. Rosenstock's statute of limitations defense is clear on the face of Plaintiff's Complaint, the Court's dismissal of Plaintiff's Complaint is both necessary and appropriate.

## IV. PLAINTIFF'S CONCLUSORY AND THREADBARE ALLEGATIONS FAIL TO STATE ANY VIABLE CLAIM AGAINST MS. ROSENSTOCK

Even accepting the allegations of the Complaint as true and drawing reasonable inferences in the light most favorable to Plaintiff, *see Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008), Plaintiff has failed to state a viable claim against Ms. Rosenstock. Most significantly, Plaintiff has presented zero well-pleaded factual allegations that Ms. Rosenstock acted with discriminatory intent, an essential element of its claims of race discrimination.

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court has confirmed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations in a complaint "must be

sufficient to raise a plaintiff's right to relief above a speculative level, such that it is 'plausible on its face.'" *Bullock v. Borough of Roselle*, Civ. No. 17-13208 (KM), 2018 WL 4179481, *2 (D.N.J. Aug. 31, 2018) (quoting *Twombly*, 550 U.S. at 570).

Importantly, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and a court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papsan v. Allain*, 478 U.S. 265, 286 (1986) (quoted favorably in *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 678). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. A claim must have sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

The Third Circuit has provided "a three step-process for evaluating a Rule 12(b)(6) motion." *See Bullock*, 2018 WL 4179481, at *3. In assessing a 12(b)(6) motion, the district court should (1) "take note of the elements the plaintiff must plead to state a claim," (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth," and (3) "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v.*

*Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679) (internal brackets omitted).

### B. The Elements Plaintiff Must Plead to State a Claim

Plaintiff has alleged six claims against Ms. Rosenstock: (1) discrimination in violation of § 1981, (2) retaliation in violation of § 1981, (3), discrimination in violation of § 1983, (4) retaliation in violation of § 1983, (5) discrimination in violation of the NJCRA, and (5) retaliation in violation of the NJCRA.

As discussed above, § 1981 does not provide a cause of action against state actors, and those claims should be dismissed and considered merged with Plaintiff's § 1983 claims. Under § 1983, "the basic cause of action requires that a § 1983 plaintiff prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitutions or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

The NJCRA "was modeled after § 1983 . . . . [t]he NJCRA is therefore generally interpreted nearly identically to § 1983." *O'Neal v. Middletown Twp.*, Civ. No. 3:18-cv-5269-BRM, 2019 WL 77066, at *8 (D.N.J. Jan. 2, 2019) (internal quotation marks and citations omitted). Claims under the NJCRA require proof of the same elements as § 1983, although the NJCRA makes specific reference to the

Constitution and laws of New Jersey, in addition to the "rights, privileges or immunities secured by the Constitution or laws of the United States." *See* N.J. Stat. Ann. 10:6-2(c).

Section 1981 secures for "[a]ll persons within the jurisdiction of the United States . . . the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. Although not clearly expressed, Plaintiff's Complaint appears to allege that Defendants deprived Plaintiff of its rights under § 1981, in violation of § 1983. (*See* Compl. ¶¶ 199, 208.) To prevail on a claim that § 1981 has been violated, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast,* 140 S. Ct. at 1019. In other words, "a plaintiff bears the burden of showing that race was a but-for cause of its injury." *Id*. at 1014. Plaintiff's claim under the NJCRA likewise alleges deprivation of its rights under the New Jersey Constitution to be free from unlawful discrimination. (Compl. ¶ 218.)

### C. Plaintiff's Allegations of Wrongful Conduct by Ms. Rosenstock are Conclusory and Do Not Plausibly Give Rise to Any Viable Claim

After examining the elements Plaintiff is required to prove, the Court's next step is to "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Connelly*, 809 F.3d at 787. Many of the allegations in Plaintiff's 248-paragraph Complaint are conclusory, devoid of facts, and are therefore not entitled to the assumption of truth in this Court's analysis. (*See,*

*e.g.,* Compl. ¶ 15 ("The exploitation of and retaliation against Blueprint by the Defendants reveals that racial discrimination and malfeasance occurs even at the pinnacle of success and industries such as financial services"); *Id.* at ¶ 37 (alleging that minority-owned alternative managers "faced numerous roadblocks due to institutional racism that continues to permeate the financial field, tilting the playing field substantially against them as compared to white-owned competitor funds"); *Id.* at ¶ 107 ("BlackRock was openly playing its own version of the 'race card' and unlawfully ratifying and catering to the discriminatory preferences of the decision-makers at its client, the New Jersey DOI"); *Id.* at ¶¶ 198-225 (setting forth legal conclusions).) Such claims, and characterizations of Defendants' conduct as "racist" "discriminatory," "retaliatory," and "defamatory" are legal conclusions, not facts, and the Court need not accept those allegations as true.

Finally, the Court must assess Plaintiff's well pleaded allegations to "determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787. Looking specifically at the allegations against Ms. Rosenstock, there are zero well pleaded allegations of racial or discriminatory animus and thus no plausible claim of race discrimination. Plaintiff complains about how it was treated by Ms. Rosenstock during the due diligence and contracting process, but the Complaint contains no factual allegations that would support a finding or reasonable inference that Ms. Rosenstock's conduct was motivated by racial bias or

discrimination. There is no allegation that Ms. Rosenstock was aware that Plaintiff was a minority-owned company, and there is no allegation that Ms. Rosenstock was aware of Plaintiff's complaints of discrimination. Plaintiff alleges that it was treated poorly by Ms. Rosenstock, but presents zero factual allegations that race was a "but for" cause of Ms. Rosenstock's conduct. Without such allegations of "but for" causation, Plaintiff has failed to state a claim. *See Comcast*, 140 S. Ct. at 1019; *Doe v. Sizewise Rentals, LLC*, 530 F. App'x 171, 174 (3d Cir. 2013) (affirming dismissal of race discrimination claim when it was "devoid . . . of factual allegations indicating that [defendants] acted with any racially discriminatory animus against [plaintiffs]"). As to Ms. Rosenstock's intent, Plaintiff offers only the following statement (in bold below), which constitutes conclusory speculation, not fact:

> 169. Blueprint demanded that Defendant McDonough and the DOI take immediate steps to address the aggressively unprofessional and unlawfully discriminatory and retaliatory behavior. According to Defendant McDonough, Defendant Rosenstock failed to explain her animus towards the Company and its principals. However, Mr. McDonough warned Mr. Walthour that, "If you keep trying to have a relationship with her it will only get worse."

> 170. If *any* contact by Blueprint would only induce Defendant Rosenstock to engage in further spiteful and tortious conduct, **her actions were obviously not motivated by a legitimate business reason, but rather by discriminatory and retaliatory animus against Blueprint**.

(Compl. ¶¶ 169-70 (bold emphasis added).) This statement is conclusory and devoid of any factual allegations connecting Ms. Rosenstock's conduct to Plaintiff's status

as a minority-owned corporation. Accordingly, Plaintiff has failed to state any civil rights claim against Ms. Rosenstock and its claims against her must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Iqbal*, 556 U.S. at 678 ("[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"); *White v. Williams*, 179 F. Supp. 3d 405, 420 (D.N.J. 2002) (dismissing § 1981 claim and observing that "conclusory allegations of generalized racial bias do not establish discriminatory intent"). To permit Plaintiff's claims against Ms. Rosenstock to proceed would impermissibly "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *See Iqbal*, 556 U.S. at 678-79.[4]

### D. Plaintiff's "Retaliation" Claims are Duplicative of its "Discrimination" Claims and Should be Dismissed

Plaintiff's claims of "retaliation" under § 1983, § 1981, and the NJCRA, should be dismissed as inadequately pleaded and because Plaintiff has failed state a claim. All of Plaintiff's claims captioned "retaliation" -- Plaintiff's "Second," "Fourth" and "Sixth" causes of action -- reference allegations of direct violations of

---

[4] Plaintiff likewise has failed to allege Ms. Rosenstock's personal involvement in any discriminatory conduct. To adequately plead a cause of action under § 1983, a plaintiff must allege "a defendant's *personal involvement* in the alleged wrongs" including "actual, not constructive" contemporaneous knowledge of wrongful conduct. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *see Pagliaroli*, 2019 WL 979244 at *3 ("Personal involvement by the defendant in the alleged constitutional violation is central to a § 1983 claim.").

§ 1981 and the NJCRA. (*See* Compl. ¶¶ 203, 212, 223.) Plaintiff has failed to allege any claim of retaliation separate and apart from its claims of discrimination, and it is unclear whether any such claim, even if adequately pleaded, would be cognizable under the statutes.[5] For example, with respect to Plaintiff's claim of "Retaliation in Violation of Section 1981," Plaintiff alleges that "Defendants retaliated against Plaintiff . . . by denying it the equal terms and conditions of contract, impeding its ability to make investment decisions, and interfering with Blueprint's business relationships in response to the Company's complaints of discrimination." (Compl. ¶ 203.) To the extent these allegations state a claim, it is a direct claim of discrimination in violation of § 1981, referencing the exact same allegations from Plaintiff's claim of direct discrimination (*see* Compl. ¶ 199); it is not a separate claim of retaliation. Under Plaintiff's claim of "Retaliation in Violation of Section 1983," there are no allegations that Defendants' alleged conduct in response to Plaintiff's complaints of discrimination violated any federal law or right separate and apart from the already-claimed violations of § 1981. (*See* Compl. ¶ 212.)

---

[5] While the Supreme Court has recognized that a retaliation claim with respect to employment discrimination cases may be cognizable under § 1981, the Court's holding addressed claims of retaliation against a person who has complained about a violation of *another person's* contract-related right. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 445 (2008). If the claim is that wrongful conduct results in an injury to the plaintiff's ability to make and enforce contracts based on race, that is a direct claim of discrimination.

Even if Plaintiff's claims of retaliation under § 1981, § 1983, and the NJCRA are legally cognizable, Plaintiff has failed to state any claim for retaliation as against Ms. Rosenstock because Plaintiff has not alleged that Ms. Rosenstock was aware that Plaintiff had engaged in any protected activity, a key element of any claim of retaliation. Because Plaintiff has failed to state any viable or cognizable claim of retaliation as against Ms. Rosenstock, this Court should dismiss those claims pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above, Ms. Rosenstock respectfully requests that the Court grant her motion to dismiss and enter an order dismissing Plaintiff's claims as against her, with prejudice.

By: /s/ Ronald L. Israel
 Ronald L. Israel
  risrael@csglaw.com
 Jeffrey S. Chiesa
 Katherine M. Romano
 Aaron P. Davis
 CHIESA SHAHINIAN & GIANTOMASI PC
 One Boland Drive
 West Orange, NJ 07052
 Telephone: (973) 325-1500
 Facsimile: (973) 325-1501

 *Attorneys for Samantha Rosenstock*

Dated:  September 28, 2020