**brown**rudnick

MICHAEL J. BOWE
direct dial: 212.209.4904
fax: 212.938.2901
mbowe@brownrudnick.com

August 16, 2022

**Via CM/ECF**
Hon. Julien Xavier Neals
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

RE:   Blueprint Capital Advisors, LLC v. Murphy, et al., No. 20-cv-07663

Dear Judge Neals:

BCA submits this letter in response to the State Defendants' August 15, 2022 letter which claims that the status conference scheduled for September 21, 2022 conference is procedurally improper and that the current stay of discovery should be continued. As set forth herein, the State Defendants are wrong on both counts.

First, the Court properly scheduled a status conference to address status of discovery in this action that was commenced over two years ago. (Dkt. No. 183.) In granting defendants' request for a discovery stay, Magistrate Judge Kiel acknowledged BCA's right to expeditiously proceed with discovery, but nevertheless reasoned that the motions to dismiss had already been fully briefed for more than three months and that the then-presiding District Court Judge, Judge McNulty, would likely resolve those motions "in [the] not-too-distant future." (Ex. A to Defs. Aug. 15, 2022 Letter, Transcript of July 8, 2021 Hearing, at 23:12–18 (the "Order").) It has been more than a year since that Order was issued. In light of the interim transfer of the case to Your Honor and the number of motions that require the Court's intervention, BCA respectfully requests the opportunity to address whether the discovery stay that was imposed one year ago is still appropriate.

Second, contrary to the State Defendants' arguments (Dkt. No. 184), there is no good cause to warrant the "extraordinary" relief of a continued discovery stay. *See F. Freedman and Co. Inc. v. Raab.*, No. 06-3723 (RBK), 2008 WL 4534069, at *2 (D.N.J. Oct. 6, 2008) (a discovery stay is an extraordinary remedy). As BCA set forth in its appeal of the Order, the sole basis for the stay were the pending motions to dismiss, which Magistrate Judge Kiel reasoned may narrow the scope of discovery. (Dkt. No. 170, at Section I, pp. 18–19.) However, the law is clear that dispositive motions and the burden of proceeding with potentially unnecessary discovery do not abridge a party's right to litigate its case expeditiously. *See Forrest v. Corzine*, 757 F. Supp. 2d 473, 479 (D.N.J. 2010) (recognizing a plaintiff's right to "expeditiously and diligently proceed to sustain [his] claim[s]."); *Gerald Chamales Corp. v. Oki Data Americas,*



Hon. Julien Xavier Neals
August 16, 2022
Page 2

ERROR! NO TEXT OF SPECIFIED STYLE IN DOCUMENT.

*Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("[T]here is no requirement that discovery must be stayed pending a decision" on a dispositive motion); (Dkt. No. 170, at Section I, pp. 15–16.) This is particularly true here, where BCA has demonstrated that defendants' motions are not case dispositive, and even if granted, will not narrow the scope of discovery. (Dkt. No. 170, at Section II.3, pp. 26-30) (explaining defendants' sovereign immunity, statute of limitations and notice defenses are dependent on factual determinations that cannot be resolved without discovery).)

Contrary to the State Defendants' arguments, their Eleventh Amendment immunity defenses do not change the analysis. As BCA explained in opposition to defendants' motions to dismiss and in its appeal to this Order (Dkt. No. 108, at 10-13; Dkt. No. 170, at Section II.3, pp. 26–28), the Amended Complaint seeks forward-looking relief through an injunction of the State Defendants' violations of BCA's constitutional rights which are not subject to sovereign immunity defenses. *See Puerto Rico Aqueduct and Sewer Auth. v. Mecalf & Eddy, Inc.*, 506 U.S. 139, 145 (2003) (a claim "may be brought against state officials in federal court challenging the constitutionality of official conduct enforcing state law" without triggering Eleventh Amendment immunity). In any event, even if the sovereign immunity defense was applicable here, the defense implicates factual questions that require discovery and are not appropriate for summary disposition. *See Dorval* v. State, No. 10-05997 (KM) (CLW), 2021 WL 236625, at *1 (D.N.J. Jan. 25, 2021) (McNulty, J.); *D'Costa v. Plaza*, No. 15-5310 (MCA), 2017 WL 2213141, at *7 (D.N.J. May 18, 2007).[1]

BCA looks forward to addressing these issues with the Court at the September 21 conference.

Respectfully submitted,

**BROWN RUDNICK LLP**

  /s/ Michael J. Bowe
Michael J. Bowe

cc: All Counsel of Record (via CM/ECF)

---

[1] *Liberty & Prosperity 1776, Inc. v. Corzine*, 2008 WL 11510303 (D.N.J. Dec. 2, 2008), cited by the State Defendants and the Order, carries no precedential or persuasive value. The *Liberty* decision has never been cited by another case for any purposes and is irreconcilable with the presumptive Federal Rules favoring discovery.