# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BLUEPRINT CAPITAL ADVISORS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civil Action No.: 2:20-cv-07663-JXN-ESK <br><br> **[PROPOSED] JOINT DISCOVERY PLAN** <br><br> **Conference January 18, 2023** |

Pursuant to the Court's Order dated December 27, 2022, Rule 26(f) of the Federal Rules of Civil Procedure, and Rule 26.1(b) of the Local Civil Rules, Plaintiff, Blueprint Capital Advisors LLC ("BCA" or Plaintiff"), and Defendants Blackrock Inc., Blackrock Alternative Advisors, Cliffwater, LLC, Timothy Walsh, Owl Rock Capital Corporation ("Owl Rock"), Samantha Rosenstock, Jason MacDonald, Christopher McDonough, Corey Amon, Dini Ajmani, Derrick Greene, George Helmy, and Matthew Platkin, through their undersigned attorneys, submit the following Joint Discovery Plan:

1.      Set forth the name of each attorney appearing, the firm name, address
        and telephone number and facsimile number of each, designating the
        party represented.

Plaintiff, Blueprint Capital Advisors LLC:

Michael J. Bowe (admitted *pro hac vice*)
Lauren Tabaksblat
Marcus T. Strong (*pro hac vice* forthcoming)
Brown Rudnick LLP
7 Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile:  (212) 209- 4801
mbowe@brownrudnick.com
ltabaskblat@brownrudnick.com
mstrong@brownrudnick.com

Richard E. Darst (*pro hac vice* forthcoming)
Brown Rudnick LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856 - 8200
Facsimile:  (617) 856- 8201
rdarst@brownrudnick.com

Jay Alan Sekulow (admitted *pro hac vice*)
Stuart J. Roth (admitted *pro hac vice*)
Jordan A. Sekulow (*pro hac vice*
forthcoming)
Benjamin P. Sisney (admitted *pro hac vice*)
Constitutional Litigation and Advocacy
Group, P.C.
1701 Pennsylvania Ave, NW,
Suite 200
Washington, DC 20006
(202)248-5407
jsekulow@claglaw.com
sroth@claglaw.com

Attorneys for Defendants Jason MacDonald, Christopher McDonough, Corey Amon, Dini Ajmani, Philip Murphy, Derrick Greene, George Helmy, Matthew Platkin

John D. North
Meredith C. Sherman
Greenbaum Rowe Smith & Davis LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095-0988
T: (732) 549-5600
F: (732) 549-1881
jnorth@greenbaumlaw.com
chinton@greenbaumlaw.com
cvaccaro@greenbaumlaw.com
msherman@greenbaumlaw.com

Christopher D. Adams
Greenbaum Rowe Smith & Davis LLP
331 Newman Springs Road
River Centre Builiding 1
Suite 122
Red Bank, NJ 07701
T: (732) 476-2692
F: (732) 476-2693
cdams@greenbaumlaw.com

Attorneys for Defendant Samantha Rosenstock

Jeffrey Scott Chiesa
Ronald L. Israel
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ  07052
T: (973) 530-2050
F: (973) 530-2250
schiesa@csglaw.com
risrael@csglaw.com

Attorneys for Defendant Cliffwater, LLC

    Kerri E. Chewning, Esq.
    Archer & Greiner P.C.
    One Centennial Square
    Haddonfield, NJ 08033
    T: (856) 616-2685
    kchewning@archerlaw.com

    Stanley M. Gibson (admitted pro hac vice)
    Remi Salter (admitted pro hac vice)
    Jeffer Mangels Butler & Mitchell LLP
    1900 Avenue of the Stars, 7th Floor,
    Los Angeles, CA 90067
    T: (310) 201-3548
    F: (310) 712-8548
    smg@jmbm.com
    rts@jmbm.com

Attorneys for Defendant Timothy Walsh

    Diane P. Sullivan
    Weil Gothshal & Manges LLP
    17 Hulfish St., Suite 201
    Princeton, NJ 08542
    T: (609) 986-1120
    F: (609) 986-1199
    Diane.sullivan@weil.com

    Chantale Fiebig (admitted *pro hac vice*)
    Weil, Gothal & Manges LLP
    2001 M Street NW, Suite 600
    Washington, DC 20036
    T: (202) 682-7000
    F : (202) 857-0940
    Chantale.fiebig@weil.com

Attorneys for Defendants BlackRock Inc.,
BlackRock Alternative Advisors

Justin T. Quinn
ROBINSON MILLER LLC
IRONSIDE NEWARK
110 Edison Place, Suite 302
Newark, New Jersey 07102
T: (973) 446-2760
F: 973-466-2761
jquinn@rwmlegal.com

Scott D. Musoff
Eben P. Colby (admitted *pro hac vice*)
Marley Ann Brumme (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
T: (212) 735-3000
F: (917) 735-2000
– and –
500 Boylston Street
Boston, Massachusetts 02116
Tel: (617) 573-4800
Fax: (617) 563-4822
Scott.Musoff@skadden.com
Eben.Colby@skadden.com
Marley.Brumme@skadden.com

Attorneys for Defendant Owl Rock Capital
Corporation

Kevin H. Marino
John D. Tortorella
Marino Tortorella & Boyle, PC
437 Southern Boulevard
Chatham, NJ 07928-1488
T:(973) 824-9300
F: (973) 824-8425
kmarino@khmarino.com
jtortorella@khmarino.com

Sandra C. Goldstein, P.C. (*pro hac vice*)
Byron Pacheco (*pro hac vice*)
Daniel R. Cellucci (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
sandra.goldstein@kirkland.com
byron.pacheco@kirkland.com
dan.cellucci@kirkland.com

Taj J. Clayton, P.C. (*pro hac vice*)
1601 Elm Street
Dallas, TX 75201
Tel: (214) 972-1774
taj.clayton@kirkland.com

2.    **Set forth a brief description of the case, including the causes of action and defenses asserted.**

Plaintiff's Position

Blueprint is a Black and woman-owned financial services firm that has created a proprietary and groundbreaking asset investment vehicle focused on reducing the costs associated with alternative investment strategies. Among the strategies created by Blueprint was a unique and proprietary program designed to reduce the compensation structure of hedge funds. Blueprint recognized that the program that they developed after years of intensive research, and which they named the "FAIR" program, would be especially appealing to public pension funds who were particularly sensitive to the exorbitant fees associated with the traditional hedge fund sector.

Thus, beginning in 2015, Blueprint presented its proprietary Fair Program to the New Jersey Department of Investment ("DOI"), which at the time was receiving intense criticism for its poor investment returns and the excessive fees and costs it was paying Wall Street firms for those poor results. After the DOI and its consultant, defendant Cliffwater, induced BCA to share all the research, modeling, and work underlying this proprietary investment program with promises to implement the program through BCA, the DOI instead misappropriated the program and launched it with defendant Blackrock, which has a long history of quid pro quo arrangements with DOI officials. Defendant Walsh, the former director of the DOI and a former Blackrock executive, misappropriated the proprietary information he received in his capacity as an advisor to BCA to aid in the recruitment of BlackRock as a quid pro quo for the DOI's anchor investment in his new firm Owl Rock.

When BCA challenged this misappropriation and abuse, defendants McDonough and MacDonald shamelessly acknowledged that the DOI never intended to do business with a Black-owned asset manager. When BCA instead persisted, for 18-months the DOI dragged out pretextual due diligence exercises and bad faith contract negotiations that every other asset manager historically, contemporaneously, and since had completed in 3-5 months. Then DOI insisted on contract terms that were orders of magnitude worse than the minimum industry standards and materially disparate from the terms it was using with all other comparable asset managers. And when the contract was signed, the DOI simply refused to approve virtually any investment from which BCA could actually earn fees. Finally, when still BCA refused to simply go away and instead voiced its grievances to government officials and then publicly, defendants subjected Blueprint to putative audits and other disparate treatment, and defendants Green and Plotkin retaliated with a disparagement campaign broadcasted to BCA's other clients, the market, and community.

By order dated December 23, 2022, the District Court largely denied defendants' motions to dismiss and sustained the following claims against the following defendants:

| Counts of the Amended Complaint | Defendants |
|---|---|
| Count One (Permanent Injunction pursuant to 42 U.S.C. §§ 1981 and 1983) | Amon, Ajmani, Helmy, in their individual capacities |
| Counts Four and Five (Discrimination and Retaliation in Violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983) | McDonough, Amon, Ajmani, Helmy, in their individual capacities |

| (Merged per ECF No. 201) | |
|---|---|
| Count Six (Violation of 42 U.S.C. § 1985) | Cliffwater and BlackRock |
| Count Seven (Discrimination in Violation of the New Jersey Civil Rights Act) | McDonough, Amon, Ajmani, and Helmy, in their individual capacities |
| Count Eight (Retaliation in Violation of the New Jersey Civil Rights Act) | McDonough, Amon, Ajmani, and Helmy, in their individual capacities |
| Count Nine (Racketeering Violation of 18 U.S.C. § 1962(c)) | McDonough, Rosenstock, Ajmani, BlackRock, and Walsh, in their individual capacities |
| Count Ten (Racketeering Violation of 18 U.S.C. § 1962(d)) | McDonough, Rosenstock, Ajmani, BlackRock, and Walsh, in their individual capacities |
| Count Eleven (Racketeering in Violation of N.J.S.A. 2C:41-2(c)) | McDonough, Rosenstock, Ajmani, BlackRock, and Walsh, in their individual capacities |
| Count Twelve (Racketeering in Violation of N.J.S.A. 2C:41-2(d)) | McDonough, Rosenstock, Ajmani, BlackRock, and Walsh, in their individual capacities |
| Count Thirteen (Aiding and Abetting Racketeering in Violation of N.J.S.A. 2C:41-2(c) and (d)) | Cliffwater and Owl Rock |
| Count Fourteen (Fraud) | Amon, Cliffwater, and Walsh, in their individual capacities |
| Count Fifteen (Aiding and Abetting Fraud) | BlackRock and Owl Rock |
| Count Sixteen (Unfair Competition) | BlackRock, Cliffwater, and Owl Rock |
| Count Seventeen (Breach of Contract) | Cliffwater |
| Count Nineteen (Breach of Fiduciary Duty) | Walsh |
| Count Twenty (Tortious Interference with Prospective Economic Advantage) | Amon, Ajmani, Green, and Platkin, in their individual capacities |
| Count Twenty-One (Commercial Disparagement) | Rosenstock, Green, Platkin, and Cliffwater |
| Count Twenty-Two (Civil Conspiracy) | Amon, Ajmani, Cliffwater, Walsh, in their individual capacities, and Owl Rock |

Defendants' Position

DEFENDANTS - Jason MacDonald, Christopher McDonough, Corey Amon, Dini Ajmani, Derrick Greene, George Helmy, and Matthew Platkin

The Defendants deny all the material allegations in the Complaint. The Plaintiff is currently subject to an investment agreement (comprised of a Limited Partnership Agreement, Subscription Agreement, Series Supplements and Side Letter, together, the "Agreement") with Common Pension Fund E and enjoys all the benefits the investment agreement confers. The investment agreement was heavily negotiated by sophisticated parties with the assistance of legal counsel. The Plaintiff and its counsel have both acknowledged that Plaintiff is bound by the investment agreement and that it is enforceable against the Plaintiff in accordance with its terms. Plaintiff does not allege any breach of the investment agreement by any of the State Defendants, who have fully complied. The Defendants have not misappropriated any of the confidential or proprietary information Plaintiff provided to the DOI in the due diligence process while Plaintiff was vying to do business with DOI. The "FAIR" acronym was created independently by the State Defendants and there is nothing in the DOI's FAIR program or Plaintiff's proposals that is

proprietary. The State Defendants' actions, in all instances, regarding the investment agreement with Plaintiff are compliant with the applicable laws and regulations governing the DOI's statutory duties and have not infringed on any of the Plaintiff's constitutional rights.

There are defenses available to State Defendants under the federal and state Civil Rights Acts and the U.S. Constitution that have been raised by the State Defendants. The only claims for monetary damages remaining against the State Defendants are in their individual capacities only. Moreover, since all actions taken by the individual State Defendants were within the scope of their employment and within their official capacities, monetary damages cannot be recovered against them.

Although the claim for a permanent injunction against the three individual defendants that remain on Count I (Ajmani, Amon, and Helmy) remains in the case, there is no evidence that would support injunctive relief.

Plaintiff has acted fraudulently and negligently; breached the Agreement and the implied duty of good faith and fair dealing; converted funds; unjustly enriched itself; and breached its fiduciary duty, by, among other things, failing to provide accurate information regarding its operations, resources and management, its assets under management, the expenses for which it has obtained reimbursement and the percentage interests of other limited partners under the Agreement; by obtaining reimbursement for expenses that are not reimbursable under the Agreement and by misrepresentations in capital calls. Consequently, Plaintiff is barred from obtaining any of the relief sought in the Amended Complaint.

## SAMANTHA ROSENSTOCK

Ms. Rosenstock denies all material allegations of the Complaint. Plaintiff has not adequately alleged, and cannot establish, that Ms. Rosenstock's conduct towards Plaintiff had anything to do with Plaintiff's status as minority-owned company or Plaintiff's alleged complaints of racial discrimination. Ms. Rosenstock left employment with the DOI in March 2018, long prior to the filing of Plaintiff's Complaint, and any claims against Ms. Rosenstock are barred by the statute of limitations and sovereign immunity. Plaintiff's Complaint also fails to state any claim for relief as against Ms. Rosenstock.

## TIMOTHY WALSH

Defendant Timothy Walsh also denies the allegations in the Complaint. Walsh is not a party to any of the contracts between Plaintiff and DOI, nor was he involved in the diligence or negotiations that are at issue in this suit. Rather, Walsh served as an unpaid strategic advisor to Blueprint as a favor to his then-friend Walthour, only to have Walthour repay that favor by filing this baseless and inflammatory lawsuit.

Plaintiff's baseless claims against Walsh also do not belong in this Court.  Plaintiff's claims are subject to arbitration under the Terms of the Transaction Agreement, pursuant to which Walsh invested $75,000 of his personal funds into Blueprint.  Walsh will be timely noticing an appeal of the Court's denial of his motion to compel arbitration.  Because that appeal will divest this Court of jurisdiction over Plaintiff's claims against Walsh during the pendency of the appeal, Walsh will have no role in discovery until that appeal is resolved, and only then if the appellate court affirms this Court's arbitration ruling.


BLACKROCK, INC. and BLACKROCK ALTERNATIVE ADVISORS ("BlackRock")

BlackRock denies all the material allegations in the Complaint.  Blueprint's various claims against BlackRock are based on allegations that BlackRock participated in a purported scheme with NJDOI and the other Defendants to misappropriate Blueprint's confidential and proprietary information.  However, evidence will show that BlackRock did not misappropriate Blueprint's confidential or proprietary information and BlackRock was not aware of and did not enter into to any conspiracy or agreement with or among New Jersey and/or the other Defendants to misappropriate information from Blueprint or any other minority owned firm.  In addition, the only idea identified by Blueprint -- using separately managed accounts or fund-of-one structures to offer alternative investments at a lower than normal fee -- is in no way proprietary or novel, as such structures were commonly in use at the relevant time, including by BlackRock.

In addition, with respect to Blueprint's Section 1985 claim, evidence will show that BlackRock's decision to bid on a mandate from NJDOI to manage certain assets pursuant to an alternative investment strategy was not motivated by racial animus.  This claim is also time-barred: NJDOI's decision to award an alternative investment strategy mandate to BlackRock was publicly announced in July 2016, well outside of the two-year statute of limitations applicable to Blueprint's Section 1985 claim.

Blueprint's RICO claims are likewise time-barred, as Blueprint was aware of NJDOI's decision to award the mandate to BlackRock as of April 2016, and so was on inquiry notice of its alleged injuries.


CLIFFWATER

Cliffwater denies all the material allegations in the Complaint. Cliffwater served as nothing more than a non-discretionary due diligence consultant retained by the DOI. Cliffwater never entered into any sort of contractual relationship with Plaintiff and was not bound by any confidentiality or non-disclosure agreement. The evidence will also show that there was no disclosure of any confidential information of Plaintiff.  Plaintiff also fails to allege any acts of discrimination committed by Cliffwater against Plaintiff because there were none.  Cliffwater was not part of any alleged conspiracy and Plaintiff's Section 1985 and conspiracy claims are barred by the statute of limitations in any event.

OWL ROCK

Owl Rock denies all material allegations in the Complaint as against Owl Rock.  Plaintiff's entire case against Owl Rock is predicated on two allegations:  that Owl Rock received an investment from DOI around the same time as Black Rock, and that Timothy Walsh's LinkedIn profile states that he began working for Owl Rock at some unspecified time in 2015.  From those two allegations, Plaintiff asserts unsubstantiated claims for aiding and abetting violations of the New Jersey RICO statute, aiding and abetting fraud, unfair competition, and civil conspiracy against Owl Rock.  Plaintiff's claims are without merit.  Owl Rock denies involvement in any conspiracy to discriminate against Plaintiff, and intends to vigorously contest Plaintiff's claims.

Moreover, as explained in Owl Rock's pending motion for reconsideration (ECF No. 205), Plaintiff's claim for aiding and abetting violations of the New Jersey RICO statute is time-barred, since that claim was brought against Owl Rock on November 23, 2020, more than three months after the expiration of the New Jersey RICO statute of limitations.

**3.    Have settlement discussions taken place? Yes    _____ No    X**

   (a) What was plaintiff's last demand?

      (1) Monetary demand:  N/A

      (2) Non-monetary demand: N/A

   (b) What was defendant's last offer?

      (1) Monetary offer:   N/A

      (2) Non-monetary offer: N/A

**4.    The parties [have   X   have not _____ ] met pursuant to Fed. R. Civ. P.26(f).**

**5.    The parties [have  ___  have not X] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

The parties have agreed on January 25, 2023 as the deadline to exchange the information required by Fed. R. Civ. P. 26(a)(1).

**6.    Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).**

   None.

**7.    The parties [have _____ have not   X   ] conducted discovery other than the above disclosures. If so, describe.**

8.    **Proposed joint discovery plan:**

**(a)  Discovery is needed on the following subjects:**

Since the Plaintiff has alleged differing claims against the Defendants, the scope of discovery may also differ from Defendant to Defendant.  Therefore, all parties reserve the right to object to specific discovery requests as outside the scope of discovery or on the basis of other objections that may apply.

Plaintiff believes that discovery is needed on the following subjects:

1.   Plaintiff's communications with Defendants, their employees and/or third parties about the FAIR program and/or other investment ideas.

2.   Communications and documents between and/or among Defendants and their employees about Blueprint, Jacob Walthour and/or Blueprint's FAIR Program.

3.   Communications between the DOI, Cliffwater, BlackRock and Walsh about the DOI's implementation of the FAIR Program with BlackRock.

4.   Proposals from the DOI for investments with Blueprint and communications about the terms of a contractual agreement with Blueprint and negotiations re: same.

5.   Communications concerning performance of the parties' contract, including investment proposals submitted by Blueprint to the DOI and the decision to conduct audits.

6.   Internal New Jersey commission or meeting minutes in which there was discussion of Blueprint and/or Blueprint's FAIR program.

7.   Agreements between the DOI and BlackRock concerning the FAIR program.

8.   Documents from the DOI, Cliffwater, BlackRock and their employees about the development of the FAIR program implemented by Defendants.

9.   Documents concerning any agreements between the DOI, Cliffwater, BlackRock, OwlRock and Walsh about any actual or potential business relationships between and among them.

10.  Documents concerning any revenue generated by the FAIR program for BlackRock.

11. Documents concerning any revenue saved by the DOI as a result of the FAIR program.

12. Documents concerning Plaintiff's complaints of discrimination and any responses and/or investigations by any Defendants.

13. Documents concerning Defendants' past conduct in discriminating against businesses owned by people of color and/or women.

14. Documents concerning the DOI's approval process for investments, including the timeframes under which other companies have received approval in the years surrounding the disputed events.

15. Documents and communications from the DOI relating to Powell Capital Markets, including those relating to any State of New Jersey tobacco bonds, and New Jersey's Tobacco Settlement Financing Corporation.

16. Documents and communications from BlackRock and the DOI relating to work performed by Don Perrault.

17. Documents and communications from Timothy Walsh relating to his role on Blueprint's Advisory Board and independent investment in Blueprint.

18. Documents and communications between Timothy Walsh and Owl Rock relating to Walsh's employment at Owl Rock, Blueprint, and the DOI's investment in Owl Rock

19. Documents and communications from the DOI relating to the identities of, and annual fees paid to, external fund managers by the DOI for the relevant time period.

20. Documents concerning DOI and its employees' communications about Blueprint with other market constituents.

Expert Discovery may be necessary with regard to the following subjects:

1. The confidential and/or proprietary nature of the information misappropriated by Defendants;

2. The alleged monetary or economic harm to Blueprint resulting from the Defendants' alleged conduct;

Defendants believe that discovery is needed on the following subjects:

1. Plaintiff's proposals to DOI for Plaintiff's asset management services;

2. Plaintiff's assets under management;

3. Plaintiff's administrative and management organization;

4. Plaintiff's financial condition;

5. Legal expenses Plaintiff incurred in this action for which it has obtained reimbursement through capital calls;

6. Plaintiff's profits and revenues;

7. All actions undertaken by Plaintiff to develop the "FAIR" program;

8. All actions alleged to have been undertaken by Plaintiff in reliance on representations by State Defendants;

9. Professional background and skill set of all of Plaintiff's key employees;

10. Investigation Plaintiff alleges to have undertaken;

11. Due diligence DOI conducted related to Plaintiff's proposals for asset management services;

12. DOI's due diligence processes and protocols for alternative investments;

13. Negotiations between DOI and Plaintiff for the investment agreement at issue;

14. Communications to and from State Defendants concerning Plaintiff's complaints of discriminatory treatment;

15. State Defendants' responses to Plaintiff's complaints of discriminatory treatment;

16. Plaintiff's requests for amendments to the investment agreements after closing;

17. Plaintiff's investment proposals related to its DOI FAIR mandate allocation;

18. DOI's consideration of Plaintiff's and BlackRock's investment proposals for their FAIR mandate allocation;

19. DOI's (as well as BlackRock's and Cliffwater's) development of the Fund Alignment Incentive Reform ("FAIR") mandate program;

14

20. Negotiations between Blueprint and General Partners of investments proposed to DOI (and corresponding negotiations for BlackRock);

21. Plaintiff's recordings of conversations between Plaintiff's representatives and Defendants and/or their employees concerning Plaintiff's investments with the DOI;

22. The basis for Plaintiff's contention that Walsh had access to Blueprint's confidential information;

23. The basis for Plaintiff's contention that Walsh worked with Cliffwater and BlackRock to develop BlackRock's FAIR program;

24. Documents and communication relating to Walsh's role as an advisor and investor in Blueprint;

25. Blueprint's allegedly proprietary model for structuring alternative investment portfolios and any other of Blueprint's confidential information or trade secrets that Blueprint contends was provided to BlackRock, including the development thereof;

26. Any agreements, including draft agreements, between Blueprint, NJDOI and/or Cliffwater to have Blueprint manage any of NJDOI's assets;

27. Communications between Blueprint and any third parties, including NJDOI and Cliffwater, regarding any proposals to have Blueprint manage any of NJDOI's assets, the FAIR Program, and/or BlackRock;

28. Due diligence materials provided by Blueprint to NJDOI and/or Cliffwater regarding its personnel, operations, investment performance (track record), investment model, and/or the FAIR program;

29. The basis for Blueprint's allegations that reference or relate to BlackRock;

30. Any evidence of monetary or economic harm to Blueprint resulting from the Defendants' alleged conduct;

31. Communications between Cliffwater and Blueprint;

32. Communications between Cliffwater and BlackRock, Inc. and/or BlackRock Alternative Advisors relating to the FAIR Program;

33. The basis for Plaintiff's allegations of discrimination against Cliffwater;

15

34. Plaintiff's discussions with Cliffwater representatives relating to Cliffwater and Cliffwater's business relationships with entities other than Plaintiff;

35. All actions taken by Plaintiff to request that Cliffwater enter into a confidentiality or nondisclosure agreement with respect to the allegedly confidential documents at issue;

36. Documents and communications supporting Plaintiff's contention that Cliffwater gave BlackRock access to Blueprint's confidential information and trade secrets;

37. Documents and communications supporting Plaintiff's contention that Cliffwater profited from Plaintiff's confidential documents;

38. Plaintiff's knowledge regarding how BlackRock allegedly obtained Plaintiff's documents; and

39. The basis for Plaintiff's contention that Cliffwater recommended that any public fund invest with BlackRock instead of Blueprint.

40. The basis and support for Blueprint's allegations as against Ms. Rosenstock including, but not limited to, any relevant documents communications, or oral statements Plaintiff has obtained in support of its allegations.

41. The basis and support for Plaintiff's allegations that reference or relate to Owl Rock.

42. The basis and support for Plaintiff's contention that Walsh kept Owl Rock apprised of his actions to broker the FAIR investment between DOI and BlackRock.

43. The basis and support for Plaintiff's contention that Owl Rock knew about Plaintiff's and/or BlackRock's FAIR programs.

44. The basis and support for Plaintiff's contention that Owl Rock knew about and leveraged BlackRock's FAIR program to facilitate an investment from the DOI in Owl Rock.

45. The basis and support for Plaintiff's contentions regarding the DOI's investment in Owl Rock, including that the investment was "unprecedented."

46. The basis and support for Plaintiff's allegations regarding Walsh's work for, or employment, at Owl Rock.

Expert Discovery may be necessary with regard to the following subjects:

1. The confidential and/or proprietary nature of the information shared by Blueprint and allegedly misappropriated by Defendants;

2. The alleged monetary or economic harm to Blueprint resulting from the Defendants' alleged conduct;

3. Applicable state laws, rules, codes and regulations, including ethics laws and codes;

4. Industry practices and conventions;

5. Plaintiff's financial condition, profits and revenues;

6. Standards of care and industry practices regarding the management of public funds and pension funds in particular; and

7. Plaintiff's fiduciary obligations to DOI and New Jersey Common Pension Fund E.

**(b)   Discovery [should ___ should not __] be conducted in phases or be limited to particular issues. Explain**

To be determined by the court.

PLAINTIFF'S POSITION:

Discovery [should _____ should not _____X_____ ] be conducted in phases or be limited to particular issues. Explain.

Plaintiffs do not believe that discovery should be conducted in set phases, nor should there be any pre-set limitation on discovery beyond those rules and procedures found in the Fed. R. Civ. P. Each of the Defendants are separate parties and the individual Defendants are parties in their personal capacities. As a result, they should each be required to comply with their discovery obligations. Plaintiff does not agree to limitations on interrogatories that are not, at a minimum, reciprocal. Plaintiff recognizes that most if not all depositions should take place after substantial document discovery has taken place, though there is not a need for a formal demarcation in the discovery schedule.

Plaintiff disagrees with Defendant Walsh's position that discovery against him should be stayed pursuant to the appeal described above and below.

DEFENDANTS' POSITION:

Discovery [should __X___ should not _____] be conducted in phases or be limited to particular issues. Explain.

State Defendants.
This matter involves several government employees, as well as large corporate entities with business relationships with the government. Accordingly, much of the information needed for discovery will be contained in documents. Therefore, the initial phase of discovery should be limited to production of documents and interrogatories. The State Defendants, which do not include Rosenstock, should be considered a single party for purposes of the interrogatory limit and therefore, plaintiff should be limited to one set of 25 interrogatories directed to all State Defendants. Depositions should be deferred until written discovery is complete.

Cliffwater.
With respect to Cliffwater, written discovery initially should be limited to documents and communications between Cliffwater and BlackRock related to the FAIR program and Cliffwater and Plaintiff as Plaintiff's allegations against Cliffwater are solely based on only these alleged communications.

Timothy Walsh will be timely noticing an appeal of the Court's denial of his motion to compel arbitration. Because that appeal will divest this Court of jurisdiction over Plaintiff's claims against Walsh during the pendency of the appeal, Walsh will have no role in discovery until that appeal is resolved, and only then if the appellate court affirms this Court's arbitration ruling. Thus, Walsh does not take a position on whether discovery should be conducted in phases at this time.

BlackRock does not take a position on whether discovery should be conducted in phases at this time.

Owl Rock does not take a position on whether discovery should be conducted in phases at this time.

**(c)   Proposed schedule:**

(1) Fed. R. Civ. P. 26 Disclosures  01/25/2023.

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) 1/12/2023.

(3) Service of initial written discovery 02/03/2023.

(4) Maximum of __25*__ Interrogatories by each party to each other party. (Subject to State Defendants' and BlackRock's qualifications. For State Defendants see (b) above. BlackRock Alternative Advisors is a business unit of BlackRock Inc. and not a separate legal entity. Therefore, Plaintiff should be limited to one set of 25 interrogatories directed to BlackRock.)

18

(5) Maximum of _____ depositions to be taken by each side.

Plaintiff's Position:

> Maximum of _20_ depositions to be taken by each side. Given the number of Defendants, particularly institutional defendants, Blueprint believes that more than 10 depositions are likely to be necessary in this case. Each individual witness deposed by Defendants will be subject to a seven-hour total on-the-record time limit, without leave of the Court under the Fed. R. Civ. P. 30 (d)(1). Defendants reserve the right to make such an application.

Defendants' Position:

> Maximum of ___10___ depositions to be taken by each side.

> Defendants believe that the presumptive limits in the federal rules should apply and propose that each side be limited to deposing 10 witnesses, with leave to take additional depositions, requiring a particularized showing, after a substantial number of depositions have been completed, that the ten-witness limitation threatens to unfairly prejudice the moving party's case. However, as a compromise, Defendants are willing to expand the limit to 15 depositions per side, if the Court deems it appropriate, with any further depositions requiring the same particularized showing.

(6) Motions to amend or to add parties to be filed by 06/23/2023.

(7) Factual discovery to be completed by 10/26/2023.

(8) Plaintiff's expert report due on 12/12/2023.

(9) Defendant's expert report due on 02/12/2024.

(10) Expert depositions to be completed by 04/15/2024.

(11) Dispositive motions to be served within 30 days of completion of discovery.

**(d)   Set forth any special discovery mechanism or procedure requested.**

> N/A.

**(e)   A pretrial conference may take place on  [To be determined by the court].**

(f)   **Trial date:** To be determined by the court. (___ Jury Trial; ___ Non-Jury Trial).

The parties dispute whether an enforceable jury trial waiver is in place.

Non-Jury: State Defendants, Samantha Rosenstock, Timothy Walsh, Cliffwater

Jury: Plaintiff

9.   **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?**
     Yes _____   No ___X_____.

     **If so, please explain.**

     The parties intend to proceed with depositions in person absent special circumstances.

10.   **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**
      Yes _____ No ___X___.

11.   **Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.**

      YES.

12.   **Do you anticipate any discovery problem(s) not listed above? Describe.**

      Yes _____ No ___X___.

13.   **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

Plaintiff:
     Plaintiffs are not willing to submit to voluntary arbitration.  With respect to voluntary mediation, Plaintiffs believe it would be most productive after some exchange of discovery in this action.

State Defendants:  The State Defendants are not willing to participate in voluntary mediation.

Samantha Rosenstock:
     Subject to agreement between the parties, Ms. Rosenstock is willing to participate in voluntary mediation. Given that the pending motions to dismiss may narrow or dispose of Plaintiff's claims, mediation should await resolution of those motions.

Timothy Walsh:
> Walsh is willing to participate in arbitration, and Walsh will be timely noticing an appeal of the Court's denial of his motion to compel arbitration.  Under the terms of Plaintiff's Transaction Agreement with Walsh—pursuant to which Walsh invested $75,000 in Blueprint—the parties agreed to arbitrate any controversy arising out of or related to Walsh's contribution to Blueprint.  Walsh's alleged access to proprietary information or any alleged obligation to treat that information as confidential arises as a legal matter from the Transaction Agreement.  Plaintiff's dispute with Walsh should therefore be ordered to arbitration under the plain terms of the Transaction Agreement.

BlackRock:
> Subject to agreement between the parties, this case may be appropriate for mediation or arbitration.

Cliffwater:
> Cliffwater is willing to participate in a voluntary mediation.

Owl Rock:
> Owl Rock is willing to participate in a voluntary mediation.

**14.  Is this case appropriate for bifurcation?** Yes _____  No  _____X_____ .

**15.  An interim status/settlement conference (with clients in attendance), should be held in _____.**

> To be determined by the court.

**16.  We [do _____  do not\_\_X_____] consent to the trial being conducted by a Magistrate Judge.**

**17.  The parties consent to service by electronic mail upon counsel of record.**

**18.  Identify any other issues to address at the Rule 16 Scheduling Conference.**

Plaintiff:

Pursuant to FRCP 25(d), when a public officer is a party to a lawsuit and ceases to hold the office while the action is pending, the officer's successor is automatically substituted as a party.  Count One seeks declaratory relief against several public officers in their official capacity.  Defendants Amon and Ajmani no longer hold public office, and therefore their successors are automatically substituted in as defendants for Count One.  Plaintiff intends

to move the Court to amend the caption to include these substituted parties for Count One. Defendants Amon and Ajmani will remain defendants in the case with respects to Counts Four, Five, Seven, Eight, Nine, Ten, Eleven, Twelve, Fourteen, Twenty, and Twenty-Two, which are asserted against them in their personal capacity.

**Signed:**

Attorney for Plaintiff, Blueprint Capital Advisors

/s/ Lauren Tabaksblat
   Date:    01/12/2023

Attorney for Defendants, BlackRock, Inc., BlackRock Alternative Advisors

/s/ Catherine Fisher

  Date: 01/12/2023

Attorney for Defendant, Cliffwater

/s/ Stan Gibson

  Date: 01/12/2023

Attorney for Defendant, Samantha Rosenstock

/s/ Ronald Israel

  Date: 01/12/2023

Attorney for Defendant, Timothy Walsh

/s/ Dan Nadratowski

  Date: 01/12/2023

Attorney for Defendants, Jason MacDonald, Christopher McDonough, Corey Amon, Dini Ajmani, Derrick Greene, George Helmy, and Matthew Platkin

/s/ Meredith Sherman

   Date: 01/12/2023


Attorney for Defendant, Owl Rock Capital Corporation

/s/ Byron Pacheco

   Date: 01/12/2023