Lauren Tabaksblat (Bar No. 03732208)
Michael J. Bowe (admitted *pro hac vice*)
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.938.2852
Email: ltabaksblat@brownrudnick.com
Email: mbowe@brownrudnick.com

Attorneys for Plaintiff
Blueprint Capital Advisors, LLC

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLUEPRINT CAPITAL ADVISORS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civil Action No.: 2:20-cv-07663-JXN-ESK |

**PLAINTIFF'S OPPOSITION TO OWL ROCK CAPITAL
CORPORATION'S MOTION FOR PARTIAL RECONSIDERATION**

# **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ..............................................................................1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .........................2

LEGAL STANDARD................................................................................................3

ARGUMENT .............................................................................................................5

I.     OWL ROCK CANNOT ESTABLISH MANIFEST INJUSTICE..................5

    A.    The Court Did Not Overlook Any of Owl Rock's Arguments. ............5

    B.    Owl Rock Will Not Suffer Injustice If Its Motion Is Denied................8

CONCLUSION ......................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abdur-Raheem v. Off. of Att'y Gen.*,
  No. 20-20355 (MAS) (DEA), 2022 WL 2834995
  (D.N.J. July 20, 2022) .................................................................................5

*Baldinger v. Ferri*,
  674 F. App'x 204 (3d Cir. 2016) .................................................................4

*Bowers v. Nat'l Collegiate Athletic Ass'n*,
  130 F.Supp.2d 610, 613-614 (D.N.J. 2001) ...............................................7

*CPS MedManagement LLC v. Bergen Regional Medical Center, L.P.*,
  940 F.Supp.2d 141 (D.N.J. 2013) ...............................................................4

*Eichorn v. AT&T Corp.*,
  No. CIV.A. 96-3587 (MLC), 1999 WL 33471890
  (D.N.J. Aug. 23, 1999) ................................................................................6

*Harsco Corp. v. Zlotnicki*,
  779 F.2d 906 (3d Cir. 1985) ........................................................................4

*High 5 Games, LLC v. Marks*,
  No. 13-CV-07161-JMV-MF, 2019 WL 6828391
  (D.N.J. May 30, 2019) ................................................................................5

*K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*,
  No. CV 14-145 (RBK/JS), 2020 WL 3542305
  (D.N.J. June 30, 2020) ................................................................................4

*Max's Seafood Café ex. Rel Lou-Ann, Inc. v. Quinteros*,
  176 F.3d 669, 677-78 (3d Cir. 1999) ..........................................................7

*P. Schoenfeld Asset Mgmt LLC v. Cendant Corp.*,
  161 F.Supp.2d 349 (D.N.J. 2001) ...............................................................4

*Raritan Baykeeper, Inc. v. NL Industries, Inc.*,
  No. 09-4117 (MAS) (DEA), 2016 WL 7377104
  (D.N.J. Dec. 20, 2016) ............................................................................6, 7

*SBW, Inc. v. Ernst Bock & Sons, Inc.*,
   No. 07-4199 (MLC), 2010 WL 715439, at *5
   (D.N.J. Mar. 2, 2010) ................................................................................................ 8

*U.S. ex rel. Simpson v. Bayer Corp.*,
   No. 05-3895 (JLL)(JAD), 2015 WL 3618295 (D.N.J. June 9, 2015) .................. 5

*Tehan v. Disability Mgmt. Srvs., Inc.*,
   111 F.Supp.2d 542 (D.N.J. 2000) ........................................................................ 3

*Trustees of Int'l Union of Operating Engineers Local 825 Welfare
   Fund v. Del. Valley Crane Rental, Inc.*,
   No. 17-cv-8567-NLH-SAK, 2023 WL 112441
   (D.N.J. Jan. 5, 2023) ............................................................................................ 5

Plaintiff Blueprint Capital Advisors, LLC ("BCA" or "Plaintiff"), submits this brief in opposition to defendant Owl Rock Capital Corporation's ("Owl Rock") Motion for Partial Reconsideration. (ECF No. 205.)

## PRELIMINARY STATEMENT

Owl Rock's motion seeks to relitigate issues that the Court has already considered and rejected. Tellingly, Owl Rock's cursory five-page brief does not point to any new evidence or legal authority supporting reconsideration, but rests solely on the flawed premise that it will suffer manifest injustice because the Court purportedly "overlooked" Owl Rock's defense to Plaintiff's NJ RICO claim. As set forth herein, the Court's 102-page decision did address all of Owl Rock's defenses, and in any event, the failure to do so would not warrant reconsideration under controlling Third Circuit authority.

While Owl Rock may disagree with the Court's conclusion, a motion for reconsideration is not the vehicle to re-argue previously asserted and rejected arguments. As Plaintiff demonstrated and the Court accepted, all of Plaintiff's claims as to Owl Rock are timely. Moreover, Owl Rock will suffer no injustice or prejudice by having to defend against Plaintiff's RICO claim, because it will already be defending against three other claims that Owl Rock did not challenge on this motion, which involve overlapping discovery.

1

Accordingly, for the foregoing reasons, and those set forth herein, this Court should deny Owl Rock's motion for partial reconsideration.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 23, 2020, BCA initiated this action. (ECF No. 1). After filing the initial Complaint, BCA became aware of additional facts implicating new parties in the conduct previously alleged, including additional conduct implicating Owl Rock. Therefore, on November 23, 2020, BCA filed an Amended Complaint, alleging additional facts, causes of actions, and naming several additional parties, including Owl Rock. (ECF No. 78 ("Am. Compl.").) With respect to Owl Rock, the Amended Complaint included the new allegations that defendant Timothy Walsh was secretly working for Owl Rock in 2015 in violation of his and Owl Rock's ethical and disclosure obligations (Am. Compl. ¶ 60), traded his insider information about BCA's proprietary FAIR Program and his relationship with BlackRock to secure a seed investment for Owl Rock (*id*. at ¶ 62), and was subsequently rewarded by Owl Rock with a position as managing director. (*See id*. ¶¶ 60, 62, 73, 102, 122, 145.) The Amended Complaint asserted four claims against Owl Rock; Aiding and Abetting RICO; Aiding and Abetting Fraud; Unfair Competition; and Civil Conspiracy. (*See id*.)

On February 15, 2021, Owl Rock moved to dismiss all claims against it, including Plaintiff's RICO claim on the grounds that it was time barred. (*See* ECF

2

No. 129-1, at 11-12.) On March 16, 2021, BCA filed its consolidated opposition to defendants' motions to dismiss, and directly addressed and supported the timeliness of all of its RICO claims. (*See* ECF No. 139, at 65-70.) On March 31, 2021, Owl Rock filed a reply brief in support of its motion to dismiss, and again argued that Plaintiff's RICO claim was time barred. (*See* ECF No. 144, at 5-7.) On October 28, 2022, the Court heard oral arguments on defendants' motions to dismiss, during which time counsel for Owl Rock again argued that Plaintiff's RICO claim is time barred and should be dismissed. (*See* ECF No. 196, Transcript of October 28, 2022 Hearing, at 99:23-111:9.)[1] On December 23, 2022, the Court issued a lengthy order, denying the majority of defendants' motions to dismiss, including the entirety of Owl Rock's motion. (ECF No. 201) (the "Order" at 60, 70, 73, and 95.) On January 6, 2023, Owl Rock filed the instant Motion for Partial Reconsideration. (ECF No. 205-1) (the "Memo.")

## **LEGAL STANDARD**

Reconsideration "is an extremely limited procedural vehicle." *Tehan v. Disability Mgmt. Srvs., Inc.*, 111 F.Supp.2d 542, 549 (D.N.J. 2000) (citation omitted). It "may not be used to relitigate old matters . . . [,] must show more than a disagreement with the Court's decision, and [a] 'recapitulation of the cases and

---

[1] ECF No.196 is set to be released and published on the public docket on January 31, 2023.

arguments considered by the court before rendering its original decision . . ." *P. Schoenfeld Asset Mgmt LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001) (citation omitted). "Because the requirements are so stringent, motions for reconsideration typically are not granted . . ." *CPS MedManagement LLC v. Bergen Regional Medical Center, L.P.*, 940 F.Supp.2d 141, 168 (D.N.J. 2013) ("Unless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider (even one that may contain an error) is generally futile.")[2]

A party seeking reconsideration must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Baldinger v. Ferri*, 674 F. App'x 204, 206 (3d Cir. 2016). Applying the foregoing standard, Owl Rock's motion should be denied.

---

[2]   These principles are echoed in several cases Owl Rock cites. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (affirming denial of reconsideration when defendant submitted no new evidence, but relied on materials available at the time of the original decision); *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, No. CV 14-145 (RBK/JS), 2020 WL 3542305, at *1 (D.N.J. June 30, 2020) (denying reconsideration and noting "[t]he standard for reargument is high and reconsideration is to be granted only sparingly.").

4

# ARGUMENT

I. **OWL ROCK CANNOT ESTABLISH MANIFEST INJUSTICE.**

    A. <u>**The Court Did Not Overlook Any of Owl Rock's Arguments.**</u>

Owl Rock's motion for reconsideration is premised on the flawed argument that the Court overlooked its statute of limitations defense and that proceeding with discovery on its putatively time barred claim will result in manifest injustice. This argument is wrong on both the law and the facts.

Manifest injustice "will generally arise only where 'the Court overlooked some dispositive factual or legal matter that was presented to it,' or committed a 'direct, obvious, and observable' error." *Abdur-Raheem v. Off. of Att'y Gen.*, No. 20-20355 (MAS) (DEA), 2022 WL 2834995, at *2 (D.N.J. July 20, 2022) (citation omitted). Courts in this district have consistently held that "an argument is not deemed overlooked simply because it is not directly addressed in a court's opinion." *Trustees of Int'l Union of Operating Engineers Local 825 Welfare Fund v. Del. Valley Crane Rental, Inc.*, No. 17-cv-8567-NLH-SAK, 2023 WL 112441, at *3 (D.N.J. Jan. 5, 2023) (denying reconsideration and holding the court did not overlook arguments previously raised by the parties in briefing); *see also High 5 Games, LLC v. Marks*, No. 13-CV-07161-JMV-MF, 2019 WL 6828391, at *4 (D.N.J. May 30, 2019) (same); *U.S. ex rel. Simpson v. Bayer Corp.*, No. 05-3895 (JLL)(JAD), 2015 WL 3618295, at *2 (D.N.J. June 9, 2015) (same). Rather, arguments will be deemed considered if they were presented in written

5

submissions and at oral argument. *See Eichorn v. AT&T Corp.*, No. CIV.A. 96-3587 (MLC), 1999 WL 33471890, at *3 (D.N.J. Aug. 23, 1999) ("The Court has already considered those arguments, as they were presented both in written submissions and at oral argument"); *see also Raritan Baykeeper, Inc. v. NL Industries, Inc.*, No. 09-4117 (MAS) (DEA), 2016 WL 7377104, at *3 (D.N.J. Dec. 20, 2016) (denying reconsideration based on claim that Court overlooked argument where the argument was presented in Plaintiffs' Opposition [brief].)

These holdings should apply with equal force here. As described above, Owl Rock's timeliness arguments were addressed in Owl Rock's moving and reply briefs and at oral argument. (*See* ECF No. 129-1, at 11-12;  ECF No. 144, at 5-7; *see also* ECF No. 196, Hearing Transcript, at 99:23-111:9).[3] Under these circumstances, the Court's consideration of these arguments is presumed. *See Eichorn*, 1999 WL 33471890, at *3.

In any event, contrary to Owl Rock's contentions, the Court specifically addressed all timeliness arguments with respect to BCA's RICO claims. In a section titled "The State and Federal RICO claims are not Time Barred," the Court went through a detailed analysis of the RICO statute of limitations, and the factual

---

3   During the October 28, 2022 hearing, the Court specifically noted that all briefing had been reviewed prior to the hearing. (*See* ECF No. 196, Hearing Transcript, 7:15-18 ("So your case is very important. *I have read everything…I hope nobody thought that I hadn't read everything. I have.*")(emphasis added).)

6

allegations supporting BCA's RICO claims, ultimately concluding that BCA's allegations were "sufficient to defeat dismissal based on the statute of limitations." (Order, at 46-49.) The Court noted that "[u]ltimately, questions of accrual and timeliness are highly-fact specific, and generally not appropriate for dismissal at the pleadings stage." (*Id.*, at 49.) This holding directly covered Owl Rock's timeliness defense to Plaintiff's aiding and abetting RICO claim, which the Court clearly did not find persuasive at the pleadings stage.

Owl Rock appears to take issue with the fact that its statute of limitations defense was not extensively addressed by the Court, and incorrectly concludes that the Court therefore must have overlooked it.[4] This argument is routinely rejected on motions for reconsideration. *See e.g.*, *Raritan*, 2016 WL 7377104, at *3 ("[T]he Court expended significant resources to review all of the material presented . . .[and] [t]he Court's failure to cite to a particular piece of evidence is

---

[4] The two cases Owl Rock cites in which the courts granted reconsideration are factually distinguishable. In *Max's Seafood Café ex. Rel Lou-Ann, Inc. v. Quinteros*, the Third Circuit found that the lower court ignored key evidence as to when a party was incorporated and found this directly implicated its potential liability. 176 F.3d 669, 677-78 (3d Cir. 1999). In *Bowers v. Nat'l Collegiate Athletic Ass'n*, the Court reconsidered its prior holding based on the fact that the defendants' internal rules with respect to athlete eligibility had changed between the time the complaint was filed and the motion for reconsideration, and the rules change stripped the plaintiff of standing to pursue some of his claims. 130 F.Supp.2d 610, 613-614 (D.N.J. 2001).

7

not grounds for granting a motion for reconsideration.")  Owl Rock's blatant attempt to relitigate a holding Owl Rock does not agree with should be denied.

### B. Owl Rock Will Not Suffer Injustice If Its Motion Is Denied.

Owl Rock argues it will have to expend additional and exorbitant resources if forced to defend against Plaintiff's RICO claim due to the "complex" nature of the RICO statute.  (Memo, at 5.)  This argument has no merit.  As set forth above, the Court has sustained multiple other claims against Owl Rock, including aiding and abetting fraud, unfair competition, and civil conspiracy, none of which Owl Rock challenges on this Motion.  Thus, regardless of the outcome of this Motion, which should be denied, Owl Rock will already be expending the same resources to defend the other claims which will involve overlapping discovery.[5]  Moreover, the Court has sustained Plaintiff's RICO claims against Timothy Walsh which will subject Owl Rock to third party discovery on that claim.

### CONCLUSION

For the foregoing reasons, Owl Rock's motion for partial reconsideration should be denied in its entirety.

---

[5]  By contrast, the only case Owl Rock cites in support of its claim of injustice, *SBW, Inc. v. Ernst Bock & Sons, Inc.*, would have resulted in the dismissal of all claims against the moving party. No. 07-4199 (MLC), 2010 WL 715439, at *5 (D.N.J. Mar. 2, 2010), ("[T]he Court finds that it would be manifestly unjust to require Defendants to continue to defend this action when it is now clear to the Court that under relevant case law this litigation should be barred by the principle of *res judicata*.")

DATED: JANUARY 23, 2023

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ Lauren Tabaksblat
    Lauren Tabaksblat
    (Bar No. 037322008)
    Michael J. Bowe (admitted *pro hac vice*)
    7 Times Square
    New York, New York 10036
    Telephone: 212.209-4800
    Facsimile:  212 209-4801
    ltabaksblat@brownrudnick.com
    mbowe@brownrudnick.com
    Jay Alan Sekulow (admitted *pro hac vice*)
    Stuart J. Roth (admitted *pro hac vice*)
    Jordan A. Sekulow (*pro hac vice* forthcoming)
    Benjamin P. Sisney (*pro hac vice* forthcoming)
    Constitutional Litigation and Advocacy Group, P.C.
    1701 Pennsylvania Ave, NW, Suite 200
    Washington, DC 20006
    (202)248-5407
    jsekulow@claglaw.com
    sroth@claglaw.com

    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, I caused copies of the foregoing Opposition to Owl Rock's Motion for Partial Reconsideration to be served through the Court's ECF system upon counsel of record.

Dated: January 23, 2023

/s/ Lauren Tabaksblat
Lauren Tabaksblat