**GREENBAUM, ROWE, SMITH & DAVIS LLP**
John D. North, Esq. (ID: 016261977)
Meredith C. Sherman, Esq. (ID: 040122009)
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095-0988
Phone: (732) 549-5600
*Attorneys for Defendants Philip Murphy, State of New Jersey Division of Investment, Jason MacDonald, Christopher McDonough, Corey Amon, Dini Ajmani, Derrick Greene, George Helmy and Matthew Platkin*

## UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLUEPRINT CAPITAL ADVISORS, LLC<br><br>Plaintiff,<br><br>v.<br><br>PHILIP MURPHY, in his official capacity as Governor of the State of New Jersey, STATE OF NEW JERSEY DIVISION OF INVESTMENT, BLACKROCK, INC., BLACKROCK ALTERNATIVE ADVISORS, CLIFFWATER, LLC, TIMOTHY WALSH, OWL ROCK CAPITAL CORPORATION, SAMANTHA ROSENSTOCK, JASON MACDONALD, CHRISTOPHER MCDONOUGH, COREY AMON, DINI AJMANI, DERRICK GREENE, GEORGE HELMY, and MATTHEW PLATKIN in their individual and professional capacities,<br><br>Defendants. | Hon. Julien Xavier Neals, U.S.D.J.<br>Case No.: 2:20-cv-07663-KM-ESK<br><br>**DEFENDANT COREY AMON'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH SEPARATE DEFENSES AND JURY DEMAND** |

Defendant Corey Amon ("Defendant"), as and for his Answer to the Amended Complaint says:

8291926.1

## AS TO THE "PRELIMINARY STATEMENT"

1. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2-4. He denies the allegations of paragraphs 2 through 4.

5-6. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5 through6.

7. He denies the allegations of paragraph 7.

## AS TO THE "NATURE OF THE CLAIMS"

8. He admits that the Amended Complaint purports to allege the claims referred to in paragraph 8. He denies the remaining allegations of paragraph 8.

## AS TO "JURISDICTION AND VENUE"

9-11. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 9 through11.

## AS TO "THE PARTIES"

12. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. He admits that Defendant Philip Murphy is the Governor of the State of New Jersey. He denies the remaining allegations of paragraph 13.

14. He admits that the Defendant, State of New Jersey, Department of Treasury, Division of Investment is a government entity with responsibility with respect to New Jersey's pension systems subject to the provisions of N.J.S.A. 52:18A-79 et seq. and N.J.A.C. 17:16-1.1 to -100.5. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14.

15-22.   He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15 through 22.

23.   He admits that he is a former director of New Jersey's Division of Investment and that he was (but is not currently) a resident of New Jersey.

24-27.   He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 24 through 27.

## AS TO "PROCEDURAL REQUIREMENTS"

28.   He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

## AS TO "FACTUAL ALLEGATIONS"

### I. "BCA and Its FAIR Program and Business Plan"

29-38.   He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 29 through 38.

### II. "New Jersey's Pension Fund Crisis"

39-41.   He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 39 through 41.

### III. "The Fraudulent Misappropriation of the FAIR Program and Business Plan"

#### A. "The Systemically Racist and Corrupt DOI"

42-43.   He lacks knowledge or information sufficient to form a belief as to the truth of the allegations paragraph of 42 through 43.

44.   He denies the allegations of paragraph 44.

45.   He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 45.

46.   He denies the allegations of paragraph 46.

47. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

### B. "The Scheme to Misappropriate BCA's Proprietary FAIR Program"

48-81. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 48 through 81.

### C. "The BlackRock Handoff"

82-102. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 82 through 102.

## IV. "BCA Is Left for Dead, but Fights to Survive."

103-108. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 103 through 108.

### A. "BCA Appeals for A Remedy"

109-111. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 109 through 111.

### B. "The DOI Teaches 'Uppity' BCA Its Place."

112-120. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 112 through 120.

### C. "The DOI's Discriminatory Refusal to Contract with BCA."

121. He denies that BCA was subjected to discrimination, hostility and abuse by DOI, and that BCA was effectively denied a meaningful opportunity to actually invest DOI money and receive compensation for doing so, and without knowledge or information sufficient to form a belief as to the truth of the remaining the allegations of paragraph 121.

122-143. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 122-143.

144. He admits that approximately 34 months passed from the alleged time of the DOI's undated contract of DOI in 2015 and the final execution of the documentation of the investment agreement in May, 2018[1], and that the documentation contains negotiated terms that are alluded to but mischaracterized in in paragraph 144. He refers to the documentation for its full terms and effect. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 144.

145-146. He denies that Owl Rock and Crayhill are "similarly situated funds to BCA" and is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 145 through 146.

V.  **"The DOI's Discriminatory refusal to Perform Its Contract and Retaliation."**

147. He denies the allegations of paragraph 147.

148. He denies the allegations of paragraph 148 that "DOI has systematically rejected virtually every BCA investment proposal." He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 148.

149. He denies DOI acted in bad faith or was under any obligation to explain its investment decisions to BCA and that "DOI cutoff [sic] all communications of any kind and has utterly froze

---

[1] The investment agreement between Blueprint CAP I, LP and Common Pension Fund E consists of the following documents: (a) the Limited Partnership Agreement ("LPA") of Blueprint Cap I LP, dated as of August 24, 2017, executed by the Blueprint GP as of August 24, 2017 and on behalf of the Pension Fund as of May 7, 2018; (b) the Series Supplement and Instrument Establishing Series A1, executed by the Blueprint GP as of May 7, 2018; (c) the Series Supplement and Instrument Establishing Series B1, executed by the Blueprint GP as of May 7, 2018; (d) the Letter Agreement, dated May 7, 2018, executed by the Blueprint GP, Series A1 and Series B1, as Series of Blueprint Cap I, and BCA, solely for purposes of Paragraphs 43 (Revenue Share), 44 (Negotiation of Sub Fund Side Letters), and 45 (Withdrawal Trigger Events), and acknowledged and agreed by the Pension Fund; and (d) Subscription Documents, executed by the Pension Fund and Blueprint Cap I as of May 7, 2018. These documents will be referred to collectively as the "Investment Agreement."

BCA out." He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 149.

150. He admits that BCA proposed a $75 million investment referred to by the Plaintiff as "Capital Spring". He denies the remaining allegations of paragraph 150.

151. He admits that in or about July 2018, he received email correspondence from Walthour suggesting a meeting. He denies the remaining allegations of paragraph 151.

152. He admits that in or about late July, 2018, BCA transmitted an email to DOI setting forth complaints regarding the relationship between it and BCA. He denies that the complaints were valid and the remaining allegations of paragraph 152.

153. He admits that BCA transmitted an email with regard to the limitations on investments set forth in NJAC _17:16-69(c)._ He denies that the email quoted in paragraph 153 set forth an accurate interpretation of the investment limitations set forth in N.J.A.C 17:16-69(c).. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 153.

154. He admits that BCA transmitted an email confirming its intention to comply with the Investment Agreement entered into by the parties and that the parties had "carefully negotiated" the terms of the Investment Agreement and that there was "not a good faith basis to try change it." He denies the remaining allegations of paragraph 154.

155. He admits that he agreed that DOI would approve the Capital Spring investment when appropriate terms were negotiated and agreed upon. He denies the remaining allegations of paragraph 155.

156. He admits that BCA sought to renegotiate the Investment Agreement and sought an increase in BCA's fees. He denies the first time BCA sought to renegotiate fees was in October

2018 and he denies allegations set forth in the language quoted in paragraph 156 and the remaining allegations of paragraph 156.

157-158. He admits that BCA transmitted emails that contained language quoted in paragraphs 157 and 158. He denies the remaining allegations of paragraphs 157 through 158.

159. He admits that a proposed investment referred to by BCA as Capital Springs was approved. He denies the remaining allegations of paragraphs 159.

160. He admits that in early 2019 BCA submitted a proposed investment referred to as "Cordiant" in paragraph 160. He denies the remaining allegations of paragraphs 160.

161. He admits that on or about January 31, 2019, DOI announced a $100 million commitment to Homestead Capital. He denies the remaining allegations of paragraph 161.

162. He admits that DOI and BCA engaged in further communications regarding BCA's proposed Cordiant investment and that on or about July 19, 2019, DOI agreed to proceed with a $50 million investment in Cordiant. He denies the remaining allegations of paragraphs 162.

163. He admits that in or around November, 2019, BCA submitted an investment proposal referred to as "Hollis Park" in paragraph 163, and that the proposal was not accepted by DOI. He denies the remaining allegations of paragraphs 163.

164. He admits that in or around December, 2019, BCA submitted an investment proposal referred to in paragraph 164 as "Neuberger Berman Special Refinance Fund," and that the proposal was not accepted by DOI. He denies the remaining allegations of paragraph 164.

165. He admits that in or about January, 2020, BCA submitted to DOI an investment proposal referred to in paragraph 165 as "Healthcare Royalty Partners," and that DOI did not accept the proposal. He denies the remaining allegations of paragraphs 165.

166. He admits that in or about February, 2020, BCA submitted an investment proposal referred to in paragraph 166 as "Chenavari," that the proposal was not accepted by DOI, and that in response to an inquiry from BCA, DOI explained that under the parties' agreements, a proposal not accepted within 10 days of its presentation of DOI may be considered to have been rejected. He denies the remaining allegations of paragraphs 166.

167. He admits that in or around June, 2020, BCA submitted an investment referred to as "NJ Restart and Recovery Fund" in paragraph 167 and that the proposal was not accepted by DOI. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation of paragraph 167.

168. He admits that in or around September, 2020, BCA proposed an investment referred to as "Longford Litigation Finance" in paragraph 168 and that the proposal was not accepted by DOI. He denies the remaining allegations of paragraphs 168.

169. He admits that in or around November, 2020, BCA proposed an investment referred to as "AIR AM Life Fund" in paragraph 169 and that the proposal was not accepted by DOI. He denies the remaining allegations of paragraphs 169.

170. He admits that in or around March, 2020, DOI requested an update on due diligence information, that BAC complained that the request came at or about the time New Jersey began implementing its response to the COVID-19 pandemic and that he explained to BCA that the request was consistent with its normal business practices. He denies that the request for updated information was punitive and burdensome, lacked a rational basis or was inconsistent with similar requests to other fund managers. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 170.

171. He denies the allegations of paragraph 171 except to admit that due diligence responsibilities were re-assigned from defendant Cliffwater, LLC to another due diligence agent.

172. He admits that DOI attempted to contact its co-investor Chicago Policemen's Annuity and Benefit Fund (the "Chicago Police")indirectly in July, 2020. He denies that any substantive communication took place at that time and the remaining allegations in paragraph 172.

173. He denies the allegations of paragraph 173.

## VI.   "Governor Murphy's Endorsement of the DOI's Abuse."

174. He denies DOI has engaged in systemic racial discrimination and abuse or engaged in any abuse of BCA. He admits that BCA made such allegations to numerous government officials. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 174.

175-184. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175 through 184.

185-186. He denies the allegations of paragraph 185-186 to the extent such allegations refer to him or to DOI. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 185 through 186.

187-189. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 187 through189.

190. He denies the allegations of paragraph 190 to the extent that such allegations refer to him. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 190.

191. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191.

192. He denies the allegations of paragraph 192 to the extent that such allegations relate to him or DOI. He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 192.

193-194. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 193 through 194.

195. He admits 42 U.S.C. §1981 contains language quoted in paragraph 195. He denies the remaining allegations of paragraph 195.

## CAUSES OF ACTION

### AS TO COUNT ONE
"Permanent Injunction Pursuant to 42 U.S.C. § 1983 and § 1981
*(Against Governor Murphy, Corey Amon, Dini Ajmani, and George Helmy)"*

196. He repeats his answers to all of the foregoing allegations.

197-203. He denies the allegations of paragraphs 197 through 203.

### AS TO COUNT TWO
"Violation of the Fifth Amendment Takings Clause
*(Against DOI)"*

204-209. Count Two has been dismissed under the Court's Order in this matter of December 23, 2022 and he therefore makes no answer to the allegations of paragraphs 204 through 209.

### AS TO COUNT THREE
"Breach of Contract"
*(Against the DOI)*

210-214. Count Three has been dismissed under the Court's Order in this matter of December 23, 2022 and he therefore makes no answer to the allegations of paragraphs 210 through 214.

-10-

### AS TO COUNT FOUR
"Discrimination and Retaliation in Violation of Section 1981
*(Against McDonough, Amon, Ajmani, Helmy in their individual capacities)"*

215. He repeats his answers to all of the foregoing allegations.

216-219. He denies the allegations of paragraphs 216 through 219 to the extent they refer to him and he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 216 through 229.

### AS TO COUNT FIVE
"Violation of 42 U.S.C. § 1983
*(Against McDonough, Amon, Ajmani, and Helmy in their individual capacities)"*

220. He repeats his answers to all of the foregoing allegations.

221-225. He denies the allegations of paragraphs 221 through 225 to the extent they refer to him and he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 221 through225.

### AS TO COUNT SIX
"Violation of 42 U.S.C. § 1985
*(Against Cliffwater and BlackRock)"*

226. He repeats his answers to all of the foregoing allegations.

227-232. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 227 through 232.

### AS TO COUNT SEVEN
"Discrimination In Violation of the New Jersey Civil Rights Act
*(Against McDonough, Amon, Ajmani, and Helmy in their individual capacities)"*

233. He repeats his answers to all of the foregoing allegations.

234. He admits the New Jersey Constitution guarantees certain rights to all citizens and refers to the Constitution for its full terms and effect.

235-239. He denies the allegations of paragraphs 235 through 239 to the extent they refer to him and he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 235 through 239.

### AS TO COUNT EIGHT
"Retaliation in Violation of the New Jersey Civil Rights Act
*(Against McDonough, Amon, Ajmani, and Helmy in their individual capacities)*"

240. He repeats his answers to all of the foregoing allegations.

241. He admits the New Jersey Constitution guarantees certain rights to all citizens and refers to the Constitution for its full terms and effect.

242-245. He denies the allegations of paragraphs 242 through 245 to the extent they refer to him and he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 242 through 245.

### AS TO COUNT NINE
"Racketeering Violation of 18 U.S.C. § 1962(c)
*(Against the DOI, McDonough, Rosenstock, Dini Ajmani, BlackRock and Walsh)*"

246. He repeats his answers to all of the foregoing allegations.

247. He admits that 18 U.S.C. §1962(c) contains the language quoted in paragraph 247. He refers to the statute for its full terms and conditions.

248-265. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 248 through 265.

### AS TO COUNT TEN
"Racketeering in Violation of 18 U.S.C. § 1962(d)
*(Against the DOI, McDonough, Rosenstock, Ajmani, Walsh and BlackRock)*"

266. He repeats his answers to all of the foregoing allegations.

267. He admits that 18 U.S.C. §1962(d) contains the language quoted in paragraph 267. He refers to the statute for its full terms and conditions.

268-273. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 268 through 273.

### AS TO COUNT ELEVEN
"Racketeering in Violation of N.J.S.A. 2C:41-2(c)
*(Against the DOI, McDonough, Rosenstock, Ajmani, Walsh, and BlackRock)*"

274. He repeats his answers to all of the foregoing allegations.

275. He admits that N.J.S.A. 2C:41-2(c) contains the language quoted in paragraph 275. He refers to the statute for its full terms and effect.

276-293. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 276 through 293.

### AS TO COUNT TWELVE
"Racketeering in Violation of N.J.S.A. 2C-41-2(d)
*(Against the DOI, McDonough, Rosenstock, Ajmani, Walsh and BlackRock)*"

294. He repeats his answers to all of the foregoing allegations.

295-298. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 295 through 298.

### AS TO COUNT THIRTEEN
"Aiding And Abetting Racketeering in Violation of N.J.S.A. 2C-41-(c) and (d)
(Against Cliffwater and Owl Rock)"

299. He repeats his answers to all of the foregoing allegations.

300-304. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 300 through 304.

### AS COUNT FOURTEEN
"Fraud
*(Against McDonough, MacDonald, Rosenstock, Amon, Cliffwater, and Walsh)*"

305. He repeats his answers to all of the foregoing allegations.

306-311. He denies the allegations of paragraph 306 through 311 to the extent they refer to him and he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 306 through 311.

### AS TO COUNT FIFTEEN
"Aiding and Abetting Fraud
*(Against BlackRock and Owl Rock)*"

312. He repeats his answers to all of the foregoing allegations.

313-318. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 313 through 318.

### AS TO COUNT SIXTEEN
"Unfair Competition
*(Against BlackRock, Cliffwater, and Owl Rock)*"

319. He repeats his answers to all of the foregoing allegations.

320. He denies the allegations of paragraph 320.

321-325. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 321 through 325.

### AS TO COUNT SEVENTEEN
"Breach of Contract
*(Against Cliffwater)*"

326. He repeats his answers to all of the foregoing allegations.

327-330. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 327 through 330.

### AS TO COUNT EIGHTEEN
"Breach of Contract
*(Against Walsh)*"

331. He repeats his answers to all of the foregoing allegations.

332-336.  He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 332 through 336.

### AS TO COUNT NINETEEN
"Breach of Fiduciary Duty
*(Against Walsh)*"

337. He repeats his answers to all of the foregoing allegations.

338-341. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 338 through 341.

### AS TO COUNT TWENTY
"Tortious Interference with Prospective Economic Advantage
*(Against McDonough, MacDonald, Rosenstock, Amon, Ajmani, Greene, and Platkin in their Individual capacities)*"

342. He repeats his answers to all of the foregoing allegations.

343. He is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 343.

344-348.  He denies the allegations of paragraphs 344 through 348 to the extent they refer to him and he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 344 through 348.

### AS TO COUNT TWENTY-ONE
"Commercial Disparagement
*(Against Rosenstock, Greene, Platkin and Cliffwater)*"

349. He repeats his answers to all of the foregoing allegations.

350-356.  He is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 350 through 356.

## AS TO COUNT TWENTY-TWO
"Civil Conspiracy
*(Against McDonough, MacDonald, Rosenstock, Amon, Ajmani, Cliffwater, Walsh, and Owl Rock)"*

357. He repeats his answers to all of the foregoing allegations.

358-363. He denies the allegations of paragraphs 358 through 363 to the extent they refer to him and he is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 358 through 363.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted against this defendant.

### SECOND SEPARATE DEFENSE

Under the civil rights and Constitution, claims against this defendant are barred under the doctrine of qualified immunity.

### THIRD SEPARATE DEFENSE

The tort claims alleged against this defendant are barred by plaintiff's failure to comply with the notice and other procedural requirements set forth in the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et. seq. ("TCA").

### FOURTH SEPARATE DEFENSE

The tort claims alleged against this defendant are subject to the immunities and limitations set forth in the TCA.

**FIFTH SEPARATE DEFENSE**

The contract claims alleged against this defendant are barred by plaintiff's failure to comply with the notice and the procedural requirements of the Contract Claim Act, N.J.S.A. N.J.S.A. 59:13-1 et. seq.

**SIXTH SEPARATE DEFENSE**

The contract claims alleged in the Amended Complaint are subject to the limitations and immunities that are set forth in the CCA, and bar any recovery against this defendant.

**SEVENTH SEPARATE DEFENSE**

The Investment Agreement entered into by BCA, and its affiliates, Blueprint CAP I LP and Blueprint GPI LLC was negotiated with the assistance of counsel, and is valid and fully enforceable. There has been no breach of the Investment Agreement by New Jersey Common Pension Fund E or the DOI. The claims alleged in the Amended Complaint are therefore barred.

**EIGHTH SEPARATE DEFENSE**

The decision to accept or reject investment proposals by plaintiff was a matter of the DOI's direction. There was no contractual obligation to explain such decisions. The DOI made decisions to accept or reject investment proposals based upon sound and prudent investment principles. Accordingly, the claims alleged in the Amended Complaint are barred.

**NINTH SEPARATE DEFENSE**

All actions of this defendant with respect to Plaintiff were in accordance with the parties' Investment Agreement, standard industry practices and sound and prudent investment principles.

### TENTH SEPARATE DEFENSE

This defendant did not cause Plaintiff to be treated any differently than other investment managers in the same or similar circumstances. The claims alleged against this Defendant in the Amended Complaint are therefore barred.

### ELEVENTH SEPARATE DEFENSE

Plaintiff misrepresented and withheld information to which the DOI was entitled under the Investment Agreement. Plaintiff's claims regarding due diligence, audit or other requests by DOI for information concerning Plaintiff or investments are therefore barred.

### TWELFTH SEPARATE DEFENSE

The amounts which DOI may commit to or invest with Plaintiff are limited by NJAC 17:16-69(c). Consequently, DOI was obligated to inquire as to Plaintiff's assets and limit it investment with Plaintiff accordingly.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff is not a party to the Investment Agreement, but is the "Investment Advisor" to Blueprint CAP I GP and therefore lacks standing to assert claims regarding the negotiation, formation or performance of the Investment Agreement.

### FOURTEENTH SEPARATE DEFENSE

Blueprint CAP I GP and Plaintiff were paid all fees and reimbursed all expenses to which they were entitled under the investment agreement. Plaintiff has therefore incurred no damages and its claims are barred.

### FIFTEENTH SEPARATE DEFENSE

No act or omission of this defendant with proximate cause of any loss or damage to plaintiff.

**SIXTEENTH SEPARATE DEFENSE**

The Amended Complaint is barred, in whole or part by the applicable statute of limitations.

**SEVENTEENTH SEPARATE DEFENSE**

Plaintiff is barred from any recovery by reason of its breach of contract and fiduciary duty under the investment agreement.

**JURY DEMAND**

Defendant demands a trial by jury on all issues.

                                            **GREENBAUM, ROWE, SMITH & DAVIS LLP**
                                            Attorneys for Defendants Philip Murphy, State of
                                            New Jersey Division of Investment, Jason MacDonald,
                                            Christopher McDonough, Corey Amon, Dini Ajmani,
                                            Derrick Greene, George Helmy and Matthew Platkin

By: _____
                                            JOHN D. NORTH

Dated:   February 21, 2023