brownrudnick

LAUREN TABAKSBLAT

LTabaksblat@brownrudnick.com

April 9, 2024

**VIA CM/ECF**

Honorable Michael A. Hammer
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Court Room MLK 2C
Newark, NJ 07101
973-776-7858

**RE: *Blueprint Capital Advisors, LLC v. Murphy, et al.*, No. 20-cv-07663**
**Joint Status Letter**

Dear Judge Hammer,

Pursuant to the Court's April 2, 2024 Order (Dkt. 297), the parties submit this joint letter advising the Court of the status of discovery in the above-referenced action.

## I. Plaintiff's Position

### a. Status of Fact Discovery

Discovery in this case has been underway since January 2023, following the Court's December 23, 2022 Opinion and Order (Dkt. 201), which largely denied defendants' motions to dismiss and sustained Plaintiff's RICO, discrimination, conspiracy, fraud, and tort claims against various state defendants in their individual capacities, as well as against Cliffwater, BlackRock, Owl Rock and Timothy Walsh. While many months have passed since discovery began, defendants did not begin producing documents until late August 2023, and only substantially completed their productions in the middle of February 2024. And while Plaintiff is eager to begin deposing parties, certain discovery disputes are affecting Plaintiff's ability to prosecute this case.

At the last status conference on February 22, 2024, the Court set March 22, 2024 as the deadline for raising written discovery disputes and scheduled a further status conference for April 25, 2024, with the understanding that the May 22, 2024 fact discovery deadline would likely need to be extended further pending resolution of certain document discovery disputes, including State Defendants' assertion of the deliberative process privilege over hundreds of documents concerning topics directly at issue in this litigation. (2/22/2024 Hearing Tr. 9:12-10:17; 2/23/2024 Text Order (Dkt. 285)).





Plaintiff noted at the hearing that because of outstanding disputes concerning State Defendants' privilege assertions, it could not begin taking State Defendants' depositions until the privilege issues were resolved. (2/22/2024 Hearing Tr. 10:5-17). Further, as indicated in the parties' March 22, 2024 Joint Letter, there are numerous outstanding categories of documents that Plaintiff seeks from BlackRock that are relevant to its discrimination and RICO claims, including: documents concerning BlackRock's investigation of discrimination at BlackRock and the actions it took in response; information concerning the length of due diligence periods for BlackRock-DOI deals (to show the pattern of preferential treatment given to BlackRock like other "old boys" firms); and documents from Obie McKenzie, a Black former BlackRock employee who acted as the DOI's client representative until he was replaced with Donald Perault, who was a part of the overwhelmingly white, "old boys" network and had a close personal and business relationship high-ranking individuals at the DOI. (Dkt. 289).

Notwithstanding these outstanding issues, Plaintiff intends to begin taking depositions of certain Cliffwater and Owl Rock witnesses. Before proceeding with depositions, Plaintiff seeks clarity on the number of depositions each side will be entitled to take. At the initial status conference, Judge Kiel stated that he was initially inclined to give Plaintiffs five additional depositions but indicated that he expected Plaintiffs would assess that as discovery proceeded. (1/19/2023 Hearing Tr. 12:8-24). Now that the parties' document productions have been substantially completed, Plaintiff has identified, at minimum, 22 relevant witnesses, which breaks down to 11 witnesses from State Defendants (as a group), 3 witnesses from Cliffwater, 3 witnesses from Owl Rock, and 5 witnesses from BlackRock. Plaintiff intends to notice those witnesses not affected by outstanding document issues as soon as it receives clarity on whether the Court will expand the number of depositions Plaintiff is entitled to take.

With respect to document productions, the parties' productions are substantially complete. With the exception of the categories subject to discovery disputes before the Court (Dkt. 288-290), the parties are continuing to meet and confer regarding other discovery disputes and hope to resolve those issues without the Court's intervention. To date, the parties have produced approximately 47,000 documents, spanning more than 300,000 pages. Despite the number of remaining discovery disputes among the parties, Plaintiff is hopeful that many of the disputes will be resolved by the in-Court meet and confer on April 17, 2024 and will not require further Court intervention.

Now that document productions are substantially complete, and the parties have submitted written discovery disputes to the Court, Plaintiff proposes extending the close of fact discovery to a realistic deadline that the parties will be expected to keep.[1] Being mindful of the

---

[1] Since the start of discovery in this case, instead of setting interim deadlines for document productions and privilege logs, the Court has scheduled status conferences and deadlines for raising written discovery disputes. Following each conference, the deadlines for raising written discovery disputes are inevitably extended, which necessarily pushes out the end of fact discovery. (*See e.g.*, Dkt. 212, 243, 247, 256, 264, 266, 273, 285). Throughout this process, Plaintiff has asked for interim deadlines to keep the case moving without having to amend the case schedule. Plaintiff worked diligently to frontload its productions and

number of disputes still outstanding as well as the number of depositions the parties intend to take, Plaintiff proposes the following schedule:

| Deadline | Proposed Date |
|---|---|
| Close of Fact Discovery | July 31, 2024 |
| Exchange of Initial Expert Reports | September 18, 2024 |
| Exchange of Rebuttal Reports | November 21, 2024 |
| Close of Expert Depositions | January 16, 2024 |

**b. Expert Discovery**

Plaintiff intends to introduce expert discovery concerning the confidential and/or proprietary nature of the information misappropriated by defendants, its discrimination claims, as well as the monetary or economic harm Plaintiff suffered because of defendants' conduct.

**c. Settlement Discussions and Mediation**

On January 30, 2024, Plaintiff initiated a AAA arbitration proceeding pursuant to the January 30, 2024 Order directing Plaintiff and Mr. Walsh to submit the "threshold question of arbitrability" of Plaintiff's claims against Mr. Walsh to an arbitrator in accordance with the Parties' 2017 Transaction Agreement. (Dkt. 279). The parties are in the process of selecting arbitrators for the proceeding.

On February 15, 2024, certain parties to the lawsuit attended a one-day voluntary mediation, which was unsuccessful.

Plaintiff is open to participate in voluntary mediation with the remaining defendants but believes it would be most production after depositions have been taken.

---

substantially completed its document productions in October 2023, prior to the status conference originally set for October 23, 2023. (Dkt. 262). At the January 4, 2024 status conference (after having received an extension at the prior status conference), State Defendants sought another extension to complete document productions. Plaintiff proposed "having an interim deadline" to prevent further extensions of the case schedule. (1/4/2024 Hearing Tr. 9:6-10:19). In response, the Court ordered State Defendants to finish document productions and produce a privilege log by February 5, 2024. The Court set the next status conference for February 22, 2024, at which time the Court set March 22, 24 as the deadline for raising written discovery disputes.

## II. Remaining Defendants' Position[2]

The Remaining Defendants have substantially completed document discovery, except for certain outstanding discovery disputes which were submitted to the Court on March 22, 2024, consistent with Judge Kiel's January 19, 2024 order (Dkt. 212). However, the parties have not yet begun to take depositions, and Blueprint has largely refused to respond to Remaining Defendants' interrogatories on the ground that they are premature contention interrogatories. The Remaining Defendants submit that the current fact discovery deadline of May 22, 2024 may need to be extended, given the number of depositions that need to be scheduled, and are considering the schedule proposed by Blueprint, which was disclosed to Remaining Defendants for the first time at 8 pm this evening. The Remaining Defendants further request that the Court enter a date certain by which contention interrogatories may be served.

### a. Document Production Update

***Owl Rock:*** Owl Rock has substantially completed its production of documents pursuant to agreed-upon search parameters with Blueprint and has provided a privilege log. As such, Owl Rock has fully complied with its document discovery obligations.

***Cliffwater:*** Cliffwater substantially completed its document productions in February 2024 pursuant to an agreed-upon list of search terms. Cliffwater made seven productions of documents totaling approximately 25,769 pages of material. On January 3, 2024, Cliffwater circulated its privilege log.

***BlackRock:*** BlackRock substantially completed its document productions in February 2024 pursuant to an agreed-upon list of custodians and search terms, producing 25,464 pages of material. In an attempt to resolve certain outstanding discovery disputes, BlackRock has agreed to review documents for three additional custodians and run additional search terms on certain custodians, and expects to make that production and provide a privilege log shortly.

***State Defendants:*** The State Defendants have completed their document production, producing over one hundred forty thousand pages in the litigation. Nevertheless, Plaintiff has continued to request extensive and extraneous information from the State Defendants, including the addition of new custodians and broader search terms, which are not appropriate at this late stage.

### b. Disputes Regarding Document Discovery

***State Defendants.*** Plaintiff has sought to expand discovery by issuing third-party subpoenas to Governor Murphy and First Lady Murphy, the New Jersey Department of the Treasury, and Mason Tillman Associates, Ltd. As set forth in more detail in the now terminated

---

[2] For the court's convenience, the State Defendants, Cliffwater, BlackRock, and Owl Rock (the "Remaining Defendants") have submitted a joint response to the extent possible. Defendant Tim Walsh submits a status report in this submission for the convenience of the Court.





motion for a protective order and to quash the Subpoenas for the testimony and production of documents by Governor and First Lady Murphy, these third-party subpoenas have the purpose or effect of causing harassment, annoyance, oppression, and undue expense, are not proportional to the requirements of the litigation and will not yield information of relevance to the litigation. The subpoenas to the Governor and First Lady are not only "fishing expeditions," they are also duplicative of discovery already sought from the State Defendants. Furthermore, Judge Neals previously found in dismissing the Amended Complaint as to Governor Murphy, there is no basis on which it can be reasonably inferred that he had actual knowledge of or active participation in the alleged wrongful conduct (ECF 201, at 33-34). As counsel to the State Defendants and to Governor and First Lady Murphy, we have met and conferred with Plaintiff's counsel extensively regarding these subpoenas and do not intend to produce any witness or additional information in response to these subpoenas.

Similarly, the subpoenas issued to the Department of the Treasury and Mason Tillman are speculative "fishing expeditions" relating to employment discrimination claims or disparity studies that do not involve the officials or state agency at issue in this litigation (the Division of Investment) and do not relate to the allegedly discriminatory investment decisions made by the Division of Investment which are the basis for Plaintiff's purported causes of action.

As outlined in the parties' March 22, 2024, Joint Status Letter containing discovery disputes, Plaintiff has also challenged approximately 800 privilege and nonresponsive designations by the State Defendants. We have reviewed the questioned documents and concluded that, for the most part, the challenged designations are proper. However, the State Defendants have reproduced this week certain emails containing redactions that Plaintiff challenged with revised redactions that clarify the propriety of the privilege designations. The State Defendants are also in the process of re-reviewing certain other challenged privilege and responsiveness designations. If it is determined that any challenged privilege designations should be changed, the mis-designated documents will be produced before the April 17 conference along with a revised privilege log as necessary.

***Owl Rock.*** Owl Rock respectfully refers the Court to its March 22, 2024 submission, which summarizes its outstanding discovery disputes with Blueprint. (*See* Dkt. 288.) Owl Rock intends to submit an updated status report regarding outstanding discovery disputes, as directed by the Court. (*See* Dkt. 300.)

***BlackRock***. BlackRock respectfully refers the Court to its March 22, 2024 submission, which summarizes its outstanding discovery disputes with Blueprint. (*See* Dkt. 289.) BlackRock intends to submit an updated status report regarding outstanding discovery disputes, as directed by the Court. (*See* Dkt. 300.)

**c. Disputes Regarding Fact Depositions**

While some depositions have been noticed,[3] the parties have not yet scheduled or taken any fact depositions. The Remaining Defendants presently intend to depose the following current or former Blueprint employees or agents, but reserve all rights to pursue the depositions of additional or different current or former Blueprint employees or agents:

1. Corporate representative of Blueprint.
2. Jacob Walthour, Jr.
3. Catherine Beard
4. Christine Chang
5. Reverend David Jefferson
6. Nick Lengua
7. Valerie Martin
8. Ianthe Philips
9. Carrie Pickett
10. Ed Robertiello
11. Brad Southern
12. Keith Thomas

The Remaining Defendants also expect to notice depositions of related non-parties, including non-parties that have been subpoenaed by Blueprint. The Remaining Defendants expect that the parties will meet and confer regarding a fair allocation of time for each side to depose those non-parties.

Given the scope of fact depositions, the Remaining Defendants agree with Blueprint that an extension to the discovery schedule is necessary. However, the Remaining Defendants object to Blueprint's attempt to modify the cadence of the exchange of expert reports. Since the parties first submitted a Joint Discovery Plan on January 12, 2023 (Dkt. 207 at 19), Blueprint has always been required to submit expert reports first, and the Remaining Defendants have been required to submit their expert reports two months thereafter (*e.g.*, Dkt. 212 at 2 ¶ 13 (Judge Kiel's initial order on expert discovery); Dkt. 264 at 2, 5 (Judge Kiel adopting Plaintiff's October 18, 2023 proposed expert schedule); *see also* Dkt. 282 at 3 (Plaintiff's February 16, 2024 proposed expert schedule). Blueprint now proposes that the parties exchange expert reports on the same date without reason. The Remaining Defendants are considering Blueprint's proposed schedule, which was provided for the first time at 8:00 p.m. this evening, but propose at a minimum to maintain the cadence of expert reports given that the parties have been operating on that understanding since the first proposed Joint Discovery Plan was filed over 15 months ago:

---

[3] In particular, on April 2, 2024, Cliffwater served notices of deposition of Jacob Walthour and Carrie Pickett of Blueprint Capital Advisors, LLC ("Blueprint"). The depositions were noticed for May 8, 2024 and May 10, 2024, but Blueprint requested that the depositions be postponed to the following week. Defendants will confer with Blueprint regarding mutually agreeable dates and appropriate durations for these depositions given that all Defendants will need to depose these individuals.

| Deadline | Proposed Date |
|---|---|
| Close of Fact Discovery | July 31, 2024 |
| Last Day for Plaintiff to Serve Expert Reports | September 18, 2024 |
| Last Day for Defendants to Serve Expert Reports | November 21, 2024 |
| Close of Expert Depositions | January 16, 2024 |

### d. Disputes Regarding Interrogatories and Requests for Admission

#### *i. Remaining Defendants' Joint Position (Interrogatories)*

While the parties have exchanged interrogatories and responses and objections to the same, Blueprint has largely refused to provide substantive responses on the grounds that the interrogatories are premature contention interrogatories. Since document discovery is substantively complete, the Remaining Defendants request that the Court enter an order allowing the parties to serve contention interrogatories, so that the parties may confer regarding an appropriate deadline for substantive responses and objections to the outstanding interrogatories.

***Owl Rock.*** On December 5, 2023, Blueprint served interrogatories on Owl Rock, and Blueprint and Owl Rock subsequently agreed to defer Owl Rock's responses and objections to those interrogatories until a later date when discovery is more complete. On December 19, 2023, Owl Rock served interrogatories on Blueprint. On January 19, 2024, Blueprint served responses and objections to Owl Rock's interrogatories, in which Blueprint declined to respond to these interrogatories on the basis that, *inter alia*, they constituted premature contention interrogatories. Owl Rock will confer with Blueprint regarding an appropriate deadline regarding responses and objections to both sets of interrogatories, including in light of any order by this Court regarding the timing of contention interrogatories.

***Cliffwater.*** Cliffwater served Blueprint with its first set of interrogatories on February 3, 2023. Blueprint served its objections and responses on January 22, 2024. Blueprint objected to several interrogatories on the grounds that they were premature contention interrogatories. Cliffwater served a second set of interrogatories on Blueprint on December 22, 2023. On January 19, 2024, Blueprint served responses and objections to Cliffwater's interrogatories. Blueprint largely objected to these interrogatories on the grounds that they constituted premature contention interrogatories. Cliffwater will confer with Blueprint regarding a deadline to respond to Cliffwater's second set of interrogatories in light of any Court orders on the subject.

***State Defendants:*** The State Defendants and Plaintiff have also agreed to confer on a date for the mutual exchange of revised interrogatory responses.





***ii. Remaining Defendants' Position (Requests for Admission)***

***Owl Rock:*** Owl Rock has not yet served requests for admission on Blueprint. Owl Rock intends to do so following further discovery between the parties.

***Cliffwater:*** Cliffwater served Blueprint with a first set of requests for admission on February 3, 2023. Blueprint served its objections and responses on March 6, 2023.

***BlackRock:*** BlackRock has not yet served requests for admission on Blueprint. BlackRock intends to do so following further discovery between the parties.

**e. <u>Status of Expert Discovery</u>**

The discovery schedule contemplates that expert discovery will occur after the close of fact discovery, and so the parties have not disclosed expert witnesses. The current deadline for Blueprint to serve expert discovery is July 22, 2024. The Remaining Defendants must then serve expert reports by September 20, 2024. (*See* Dkt. 275 at 8:9-9:5 (The Court "extending the period for discovery . . . under the dates proposed by the plaintiff"); Dkt. 270 at 2 (summarizing Blueprint's proposed schedule); *see* Dkt 287 (granting additional extension).) The Remaining Defendants intend to retain one or more expert witnesses in connection with defending against Blueprint's claims.

**f. <u>Settlement Discussions</u>**

***Cliffwater.*** The parties have not engaged in settlement discussions or considered the use of a mediator since the filing of the Action.

***BlackRock:*** BlackRock and Blueprint have not engaged in settlement discussions or considered the use of a mediator regarding the claims against BlackRock since the filing of the Action.

***State Defendants.*** Given the untrue allegations of racial discrimination against them, the State Defendants do not believe settlement discussions are appropriate.

***Owl Rock.*** On February 15, 2024, Blueprint, Owl Rock, and Timothy Walsh participated in settlement discussions with the assistance of a mediator. The parties did not agree to settle.

**III. <u>Status Report of Defendant Timothy Walsh</u>**

Per the Court's January 30, 2024 Order, ECF No. 279, litigation is stayed as to Defendant Walsh pending arbitration. Blueprint initiated arbitration proceedings against Walsh on January 30, 2024; the parties are currently choosing arbitrators and expect to have a hearing this summer. Walsh and Blueprint also attended voluntary mediation on February 15, 2024, but were unsuccessful in reaching settlement. Additionally, in the Parties' last Joint Status Report,





ECF No. 282, Blueprint reported serving a Rule 45 Subpoena on Walsh in his capacity as a third-party witness. Although Walsh believes the subpoena was improperly served to circumvent the stay of discovery as to Walsh, in order to avoid disputes, Walsh fulfilled any obligations to respond to that subpoena by producing documents, together with Responses and Objections, on February 21, 2024.





Respectfully submitted,

**BROWN RUDNICK LLP**

__/s/ Lauren Tabaksblat__________________
Lauren Tabaksblat, Esq. (Bar No. 037322008)
Michael J. Bowe, Esq. (admitted *pro hac vice*)
Chelsea Silverstein, Esq. (admitted *pro hac vice*)
Tyler D. Purinton, Esq. (admitted *pro hac vice*)
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
mbowe@brownrudnick.com
ltabaksblat@brownrudnick.com
csilverstein@brownrudnick.com
tpurinton@brownrudnick.com

Richard E. Darst, Esq. (*pro hac vice* forthcoming)
Brown Rudnick LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856 - 8200
Facsimile: (617) 856- 8201
rdarst@brownrudnick.com

Jay Alan Sekulow, Esq. (admitted *pro hac vice*)
Stuart J. Roth, Esq. (admitted *pro hac vice*)
Jordan A. Sekulow, Esq. (*pro hac vice* forthcoming)
Benjamin P. Sisney, Esq. (admitted *pro hac vice*)
Constitutional Litigation and Advocacy Group, P.C.
1701 Pennsylvania Ave, NW, Suite 200
Washington, DC 20006
Telephone: (202)248-5407
jsekulow@claglaw.com
sroth@claglaw.com

*Counsel for Plaintiff*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

_/s/ Scott Musoff___________________
Scott D. Musoff
Eben P. Colby *(pro hac vice)*
Marley Ann Brumme *(pro hac vice)*
One Manhattan West
New York, New York 10001
(212) 735-3000

-and-

500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
Scott.Musoff@skadden.com
Eben.Colby@skadden.com
Marley.Brumme@skadden.com

Justin T. Quinn
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 446-2760
jquinn@rwmlegal.com

*Attorneys for Defendants BlackRock, Inc. and BlackRock Alternative Advisors*





**MARINO, TORTORELLA & BOYLE, P.C.**

_/s/ Kevin Marino_________________
Kevin H. Marino
John D. Tortorella
437 Southern Boulevard
Chatham, New Jersey 07928-1488
Tel: (973) 824-9300
kmarino@khmarino.com
jtortorella@khmarino.com

Sandra C. Goldstein (pro hac vice)
Byron Pacheco (pro hac vice)
Daniel R. Cellucci (pro hac vice)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
sandra.goldstein@kirkland.com
byron.pacheco@kirkland.com
dan.cellucci@kirkland.com

Taj J. Clayton (pro hac vice)
1601 Elm Street
Dallas, TX 75201
Tel: (214) 972-1774
taj.clayton@kirkland.co

*Attorneys for Defendant Owl Rock Capital Corporation*

**CHIESA SHAHINIAN & GIANTOMASI PC**

_/s/ Jeffrey Chiesa______________________
Jeffrey Scott Chiesa, Esq.
Ronald L. Israel, Esq.
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-2050
Facsimile: (973) 530-2250
schiesa@csglaw.com
risrael@csglaw.com

*Attorneys for Defendant Samantha Rosenstock*

**GREENBAUM, ROWE, SMITH & DAVIS LLP**

_/s/ John North_________________
John D. North, Esq. (ID: 016261977)
Meredith C. Sherman, Esq. (ID: 040122009)
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095
Telephone: (732) 549-5600
Facsimile: (732) 549-1881
jnorth@greenbaumlaw.com
msherman@greenbaumlaw.com

*Attorneys for Defendants State of New Jersey Division of Investment, Jason MacDonald, Christopher McDonough, Corey Amon, Dini Ajmani, Philip Murphy, Derrick Greene, George Helmy and Matthew Platkin*





**ARCHER & GREINER, P.C.**

_/s/ *Kerri Chewning*___________________
Kerri E. Chewning, Esq.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: 856-616-2685
kchewning@archerlaw.com

JEFFER MANGELS BUTLER & MITCHELL LLP
Stanley M. Gibson (Bar No. 162329) (Admitted *Pro Hac Vice*)
Lara Leitner (Admitted *Pro Hac Vice*)
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
SGibson@jmbm.com
LLeitner@jmbm.com

*Attorneys for Defendant Cliffwater, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2024, I caused copies of the foregoing Joint Status Letter to be served through the Court's ECF system upon counsel of record.

Dated: April 9, 2024

*/s/ Lauren Tabaksblat*____________________
Lauren Tabaksblat, Esq. (Bar No. 037322008)
Brown Rudnick LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
ltabaksblat@brownrudnick.com