# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 776-7858

**August 18, 2025**

**LETTER OPINION AND ORDER**

RE: **Blueprint Capital Advisors, LLC v. Murphy et al.**
   **Civil Action No. 20-7663 (JXN)(MAH)**

Dear Litigants:

This matter comes before the Court on the parties' November 13, 2024 discovery dispute letter. D.E. 367. The parties pose two disputes that require the Court's resolution: (1) Plaintiff Blueprint Capital Advisors LLC ("BCA") seeks leave to take up to thirty fact-witness depositions; and (2) Defendants seek to more than a seven-hour limit under Federal Rule of Civil Procedure 30(b)(1) for the depositions of BCA's principals and its Rule 30(b)(6) corporate designee.[1]

**Issue 1:   BCA's Request To Take Up to 30 Fact-Witness Depositions**

Plaintiff BCA seeks to expand the number of depositions it may take to thirty.[2] The Court has already allowed each party a maximum of fifteen fact-witness depositions. *See* Order, January 19, 2023, D.E. 212, at ¶9 ("The number of depositions to be taken by each side shall not exceed 15."). Further, BCA has not yet taken a single deposition in this matter. Nonetheless, BCA argues that the complexity of this case, that there are twelve defendants, and the scope of written discovery warrant thirty depositions. BCA observes that: (1) the parties have exchanged more than 51,000 documents, from 62 document custodians; (2) the parties have subpoenaed forty-eight third-parties, consisting of forty subpoenas by BCA, and eight by the Defendants; and

---

[1] Because the Court writes principally for the benefit of the parties, who are well familiar with this litigation, the Court will discuss the underlying allegations and claims only as necessary to resolve the instant disputes.

[2] BCA initially proposed that it be allowed to take forty depositions, but lowered the demand to thirty while meeting and conferring with Defense counsel. Nov. 13, 2025 Discovery Dispute Letter, D.E. 367, at 3.

(3) BCA will need to depose: (i) the nine individual defendants, (ii) corporate representatives of BlackRock, Cliffwater, Owl Rock, and the Department of Investment, and (iii) ten witnesses from the party defendants, and that those depositions alone will total twenty-three.  Nov. 13, 2024 Discovery Dispute Letter, D.E. 367, at 1-2.  BCA also claims that it will need to depose non-party witnesses with knowledge of the alleged discrimination, including witnesses from other state pension funds, minority-owned firms that faced similar treatment by DOI, and members of the New Jerey Investment Council who worked on the BCA, BlackRock, and Owl Rock mandates.  *Id.* at 3.

BCA also contends that Defendants' request to depose the five BCA principals for a total of 110 hours, along with their intent to deposing the remaining seven BCA witnesses for up to seven hours each, seeks essentially the same relief because it would equal "the twenty-three depositions that BCA seeks to take from the twelve defendants."  *Id.* at 3-4.  In view of those depositions Defendants seek to take, and their stated intent to depose non-parties for three more days, BCA proposed to Defendants an agreement whereby each side would be allotted thirty days for depositions, and there would be no hour limits for party depositions.  Defendants rejected the proposal.  *Id.* at 4.

Defendants argue that BCA's request is premature.  They point out that depositions have not yet begun, and argue that BCA has not made a particularized showing for more than fifteen depositions.  *Id.* at 11.  Therefore, they reason that affixing a particular number beyond the fifteen per side already allotted is premature, and that any such requests should follow the taking of some or all of the allotted depositions.  *Id.*

Defendants also claim that BCA's justification for the additional depositions is, in part, misleading.  They observe, first, that of the eight non-parties that BCA says Defendants subpoenaed, four are BCA executives whom Defendants seek additional time to depose.  Defendants contend the subpoenas were necessary because BCA would not consent to search those executives' personal records for responsive documents.  *Id.* at 12.  Second, they point out that thirteen of the forty non-party subpoenas that BCA served were directed to New Jersey state agencies and current and former officials.  *Id.*  Defendants therefore argue that to allow BCA thirty depositions--triple the amount allotted by Rule 30(a)(2)(A)(i)--would be inconsistent with the proportionality standard under Rule 26(b)(1).

Federal Rule of Civil Procedure 30(a)(2)(A)(i) allots each side up a maximum of ten fact depositions without leave of the court.  The parties also may stipulate otherwise.  *Id.*  And the Court, in its discretion and consistent with Rule 26(b), may order additional depositions.  Fed. R. Civ. P. 30(a)(2).  The Court has already done so here, by expanding the maximum depositions per side to fifteen.  *See* Order, January 19, 2023, D.E. 212, at ¶9.  At the January 19, 2023 case management conference, Judge Kiel noted that "I am one hundred present anticipating that there's going to be more than 15 depositions in this case. . . . I would be relatively lenient, given the number of claims and the number of parties in this case."  Tr. of January 19, 2023 Case Management Conf., D.E. 216, at 12:8 to 12:19.  On the other hand, Judge Kiel emphasized that "the case law in this district is that you start taking depositions.  You start

2

getting near the maximum amount, and then you come forward with the Court with some particularized showing as to why you need additional—more than 15 depositions." *Id.* at 11:11 to 11:15.

Both Rules 26(b)(2)(A) and 30(a)(2) authorize the court to expand or reduce the number of depositions. A court determining whether additional depositions are warranted must consider the factors set forth in Rule 26(b)(2), which are as follows:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; and
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C); *see also* Fed. R. Civ. P. 30(a)(2)(A), 1993 Advisory Committee Note ("One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties. . . . Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles.").

It is widely accepted among courts within the Third Circuit that "a party seeking more than ten depositions must overcome this presumptive limit by demonstrating that the additional depositions are reasonable and necessary." *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-1519, 2006 WL 6487632, at *3 (D.N.J. Aug. 22, 2006); *see also Coulter v. Paul Laurence Dunbar Community Center*, No. 16-125, 2019 WL 13198307, at *1 (W.D. Pa. Nov. 15, 2019) (quoting *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *3*); *L.W. v. Lackawanna County, PA*, No. 14-1610, 2015 WL 2384229, at *1 (M.D. Pa. May 19, 2015) (same). As Judge Bongiovanni instructed in *Alaska Elec. Pension Fund*, "to meet this requirement of a particularized showing of need, the moving party must go beyond general assertions regarding the potential relevance of the proposed deponents' testimony to demonstrate that the probable testimony of each proposed deponent is essential to the moving party's case." *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4.

The Court finds BCA's request to be premature, and will deny it without prejudice. BCA has not articulated good cause to deviate from Judge Kiel's instructions that BCA, or any party, may seek more than fifteen depositions once they are underway and the requesting party is nearing its allotment. Moreover, BCA has not made a particularized showing, at least at this time, for thirty fact-witness depositions. Although the Court anticipates that it will be necessary to exceed the fifteen-deposition limit, it is difficult on this record to confidently estimate how

many additional depositions will be appropriate under Rules 26(b)(2) and 30(a)(2). For example, BCA represents that it will need to depose ten party fact witnesses from BlackRock, Cliffwater, and Owl Rock, in addition to the corporate representatives. Although the Court certainly allows that depositions of individual fact-witnesses from the corporate defendants may be necessary, depositions of BCA's principals and its Rule 30(b)(6) representative might prove that fewer than ten party fact witness depositions are necessary. Further, Defendants represent that only eight of the thirty-five non-parties (excluding State agencies and officials) whom BCA subpoenaed have produced documents. November 13, 2025 Discovery Dispute Letter, D.E. 367, at 12. If so, only a limited number of those non-parties might need to be deposed. In short, it is appropriate to require the parties to proceed with depositions before considering a further expansion of the fifteen-deposition limit. As the parties approach their limit, any party seeking additional depositions will, first, meet and confer with the other parties, and then make any necessary application to the Court. That will allow BCA to "make an informed request" for a specific number of additional depositions, and for the Court to determine whether the request constitutes a particularized showing of need, consistent with Rule 26(b)(2). *Archer Daniels Midland Co. v. Aon Risk Servs.*, 187 F.R.D. 578, 586 (D. Minn. 1999).

Several courts have taken this approach. For example, in *Alaska Elec. Pension Fund,* the court denied the plaintiff's request to take additional depositions in a security-fraud lawsuit. The court acknowledged that the plaintiff's case was complex, and that additional depositions might be necessary. However, the court denied the request, without prejudice, because "Plaintiffs in this current case have yet to depose a single witness. As such, even if this Court were to adopt the more lenient standard that a party must merely commence taking depositions before filing for leave to take additional depositions, Plaintiffs would fail to meet this standard." *Alaska Elec. Pension Fund*, 2006 WL 6487632, at *4; *see also Walsh v. Vera Cret Contracting Co.*, No. 21-5697, 2022 WL 17540352, at *7 (E.D.N.Y. Nov. 16, 2022) (denying request to take thirty-one depositions where requesting party had not taken a single deposition thus far, and noting that "[b]efore seeking permission to take additional depositions beyond the ten, courts have generally insisted that the movant exhaust the allowable ten first") (citations omitted); *Coulter*, 2019 WL 13198307, at *2 (denying plaintiff's request to exceed ten depositions because "Plaintiff has yet to take any depositions, the Court cannot 'weigh the benefits and burdens of additional depositions,' as required by Federal Rules of Civil Procedure 26 and 30" (quoting *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013))).

BCA's reliance on *Goodman v. Burlington Coat Factory Warehouse Corp.,* 292 F.R.D. 230 (D.N.J. 2013) and *L.W. v. Lackawanna County, Pennsylvania*, No. 14-1610, 2015 WL 2384229 (M.D. Pa. May 19, 2015) is misplaced. *See* Nov. 13, 2024 Discovery Dispute Letter, D.E. 367, at 2. It is true that in *Goodman,* the court allowed the defendants to take thirty-five depositions. *Goodman*, 292 F.R.D. at 233. But that matter was a conditionally certified collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, with 567 opt-in plaintiffs. *Id.* at 231. In view of the large number of opt-in plaintiffs, the defendants sought to depose fifty opt-in plaintiffs, for seven hours each. *Id.* Defendants argued the additional depositions were necessary to challenge whether the opt-in plaintiffs were similarly situated to the named plaintiff and each other, which would be a central issue in the plaintiffs' motion for

4

final certification of the class, and defendant's cross-motion to decertify it. *Id.* The court took a "middle approach" in view of the large number of plaintiffs and certification issues, and allowed the defendants to depose the named plaintiff and the four original opt-in plaintiffs, as well as thirty additional opt-in plaintiffs. *Id.* at 233. The court allowed for ten depositions of seven hours each, and limited the remaining depositions to three and one-half hours each. *Id.* at 234.

In *L.W.*, the court granted plaintiffs' application for twenty-two depositions, in addition to the four that the parties had already taken. 2015 WL 2384229, at *1. That the plaintiffs had already taken depositions before making the application was a factor in the court's finding that they had made a particularized showing of need for the additional depositions. *Id.* Additionally, the plaintiffs "identified with specificity for the Court each proposed deponent's position and has described the relevance of his or her likely testimony based on the depositions already conducted and the documents reviewed by Plaintiffs' counsel." *Id.* Plaintiffs also established to the court's satisfaction that the deponents' testimony was not likely to overlap. *Id.* In this case, the Court accepts that BCA likely will need to depose the nine individual defendants, corporate representatives of BlackRock, Cliffwater, Owl Rock, and the Department of Investment, witnesses from the party defendants, and certain non-party witnesses. But BCA has not taken any depositions. Nor has BCA described with particularity each proposed additional deponent, the likely areas of inquiry, and how each additional deposition will not duplicate the other depositions. As such, it is simply impossible at this juncture to ascertain whether thirty depositions will be necessary. Perhaps it will be twenty or some other number less than thirty. That uncertainty underscores the advisability of denying the request without prejudice to BCA's right to renew it after BCA has taken a substantial number of the already allotted depositions.

**Issue 2:     Defendants' Request for Additional Time under Fed. R. Civ. P. 30(d)(1) To Depose 5 of the BCA Witnesses**

Defendants seek to expand the seven-hour limit under Rule 30(d)(1) as follows:

- For Jacob Walthour, who is BCA's co-founder, majority owner, and chief executive officer, the Defendants seek a total of 28 hours of deposition time.

- For BCA's Rule 30(b)(6) corporate designee, the Defendants seek a total of 28 hours.

- For Carrie Pickett, who is a BCA co-founder and equity owner of BCA, Defendants seek up to 18 hours.

- For Ed Robertiello, who was BCA's chief investment officer and equity owner for part of the relevant period, Defendants seek up to 18 hours.

- For Catherine Beard, who was a BCA principal and director of research during

5

> part of the relevant period, Defendants seek up to 18 hours.

Nov. 13, 2024 Discovery Dispute Letter, D.E. 367, at 8.

Defendants contend that because BCA has named twelve defendants, and asserted different claims against each defendant, based on an alleged course of conduct spanning fourteen years. *Id.* at 7-8. Defendants point out that even under the expanded time limits, each defendant on average will have less than 2.5 hours of questioning as to Jacob Walthour and the Rule 30(b)(6) corporate representative, and 1.5 hours for Carrie Pickett, Ed Robertiello, and Catherine Beard. *Id.* at 8. Therefore, they contend that Rule 30(d)(1) requires the Court to expand the allotted time for those witnesses. *Id.* at 9.

BCA does not oppose Defendants' application as much as it argues their application underscores that its own request for thirty depositions is appropriate, as well as their proposal for a thirty-day limit per side, without time limitations for party depositions. *Id.* at 3-4 ("Although Defendants insist that fifteen depositions is sufficient, they are effectively asking for the same relief by requesting multiple days for multiple BCA witnesses."). BCA also contends that Defendants "cannot have it both ways" by opposing BCA's application while also seeking the expanded hour limits for the five witnesses. *Id.* at 5.

The Court agrees that expanded time limits for the five BCA witnesses are appropriate. Rule 30(d)(1) provides that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." BCA brings discrimination, racketeering, fraud, and other claims against twelve different defendants, based on alleged events unfolding over many years. It is axiomatic that the depositions of BCA's Chief Executive Officer, Chief Investment Officer, the other principals, and its Rule 30(b)(6) corporate representative each will require more than seven hours, in order to afford each defendant a reasonable opportunity to question the witness. In that regard, and contrary to BCA's reasoning, Defendants' request is not premature because the Court finds the request for thirty depositions to be premature. First, the number of depositions per side has already been expanded from ten to fifteen, while the seven-hour-limit has not yet been expanded. Second, whereas BCA has not specifically explained the need for depositions beyond fifteen, it is self-evident that the depositions of Mr. Walthour, the other BCA principals, and BCA's Rule 30(b)(6) representative will involve extensive questioning by the twelve defendants to fully understand BCA's allegations and prepare their respective defenses.

Although the Court agrees it is appropriate to expand the time limit for the BCA principals and Rule 30(b)(6) witness, it is premature to expand them to the extent Defendants propose. A more limited expansion of the seven-hour rule, without prejudice to Defendants' right to seek further time, is appropriate. As BCA notes, although the court in *Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702 (D.N.J. Sept. 17, 2010) granted the defendants' request to depose the plaintiff for sixty hours, based in part on the number of defendants, the court also emphasized that the defendants had detailed their intended areas of examination concerning whether the plaintiff was actually innocent of the offense for which he was convicted, and the

basis for his assertion that the defendants had committed perjury during his prosecution. *Halsey*, No. 09-1139, Tr. of Aug. 3, 2010 Hrg., D.E. 87, at 6:19 to 7:11.  Here, the Court agrees that seven hours is plainly insufficient for the BCA principals' and corporate representative's depositions.  But the Court cannot determine with confidence that quadruple the normal time limit for Mr. Walthour and the corporate representative is necessary.  Although BCA has alleged distinct claims against the Defendants, several of those claims overlap and involve factual allegations that are common among several defendants.  It might be that extensive questioning on a particular subject or event by one defendant obviates or reduces the questioning by another defendant on the same subject.

Accordingly, the Court will grant in part the Defendants' request.  Defendants will be permitted to depose Jacob Walthour and the BCA corporate designee for up to twenty-one hours each.  Defendants will be permitted to depose Carrie Pickett, Ed Robertiello, and Catherin Beard for up to fourteen hours each.  At or near conclusion of the allotted hours, Defendants may seek to further expand the allotted time.  If Defendants make such an application, they shall first meet and confer with BCA's counsel to determine whether BCA consents.  If it is necessary to make application to the Court, Defendants shall be prepared to specify how much time they seek, and the additional subjects they need to cover with that witness.

**Conclusion**

For the foregoing reasons, Plaintiff BCA's request to expand its allotment of depositions from fifteen to thirty is denied without prejudice to BCA's right to renew the request as directed herein.  Defendants' request to expand the seven-hour limit under Rule 30(d)(1) is granted in part as follows: Defendants are permitted to depose Jacob Walthour and the BCA corporate designee for up to twenty-one hours each, and to depose Carrie Pickett, Ed Robertiello, and Catherin Beard for up to fourteen hours each.  Thereafter, Defendants may seek to further extend the time for any such witness, as directed herein.

Finally, the Court reminds the parties that if any dispute arises at a deposition, the parties must contact the Chambers of the Undersigned for assistance during the deposition.  Failure to contact the Undersigned to intervene in a deposition dispute, before adjourning or completing the deposition, will constitute waiver of the right to seek relief for that deposition dispute.

**SO ORDERED.**

  s/ Michael A. Hammer
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

8