John P. Lacey (035391984)
Lauren F. Iannaccone (107512014)
CONNELL FOLEY LLP
56 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for the Individual State Defendants,
*Jason MacDonald, Christopher McDonough,*
*Corey Amon, Dini Ajmani, Derrick Green,*
*George Helmy, and Matthew Platkin*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLUEPRINT CAPITAL ADVISORS, LLC<br><br>Plaintiff,<br><br>v.<br><br>BLACKROCK, INC., et al.<br><br>Defendants. | Civil Action No. 2:20-cv-07663-JXN-MAH<br><br>Hon. Julien X. Neals, U.S.D.J.<br><br>Motion Day: March 2, 2026<br><br>***Document Electronically Filed***<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

## OPPOSITION TO PLAINTIFF'S APPEAL FROM MAGISTRATE JUDGE HAMMER'S DECEMBER 15, 2025 ORDER

*Of Counsel and On the Brief*:

John P. Lacey, Esq.
Lauren F. Iannaccone, Esq.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................... 1

BACKGROUND ................................................................................................... 5

LEGAL ARGUMENT ............................................................................................ 8

    POINT I    8

    JUDGE HAMMER'S DECISION TO ENFORCE A PRE-EXISTING SCHEDULING ORDER WAS NOT "CLEARLY ERRONEOUS." ............................................................................... 8

    POINT II    10

    BCA HAS FAILED TO SHOW THAT THE AMENDED SCHEDULING ORDER SHOULD BE DISTURBED .................................. 10

    A.    BCA Cannot Use The Amended Scheduling Order To Revive A Waived Objection To The Close Of Discovery .............................. 10

    B.    Judge Hammer Correctly Enforced Long-Expired Written-Discovery And Dispute Deadlines. ................................................................. 12

    C.    BCA Has Failed To Meet The "Good Cause" Standard. ........................ 17

CONCLUSION ................................................................................................... 21

# TABLE OF AUTHORITIES

*Cases*

*Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232 (D.N.J. 2022)...................................................9

*Anderson v. Bessemer City*, 470 U.S. 564 (1985)....................................................................9

*Anjelino v. New York Times Co.*, 200 F.3d 173 (3d Cir. 1999)...............................................9

*Arzadi v. Evanston Ins. Co.*, Civil Action No. 2:17-cv-5470 (SDW)(CLW), 2021 U.S. Dist. LEXIS 35862, at *7 (D.N.J. Feb. 25, 2021)...........................................................................................15

*Baker v. United States Marshal Serv.*, 2014 U.S. Dist. LEXIS 76662, at *5-6 (D.N.J. June 5, 2014) ...................................................16

*Cresci v. Gyess*, No. 17-cv-2342 (KM/MAH), 2019 U.S. Dist. LEXIS 60764, at *2 (D.N.J. Apr. 8, 2019) ..........................................................11

*Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95 (D.D.C. 2005) ..............................................................................................16

*Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63 (D.N.J. 1990) .............................................................................................9

*GlobespanVirata, Inc. v. Texas Instruments, Inc.*, C.A. No. 03-2854 (GEB), 2005 WL 1638136, at *4 (D.N.J. July 11, 2005) ..........................16

*Green v. Olson*, No. 21-cv-14144 (RMB/EAP), 2024 U.S. Dist. LEXIS 97882 (D.N.J. June 3, 2024) ......................................................... 1, 18, 21

*Haines v. Liggett Grp., Inc.*, 975 F.2d 81 (3d Cir. 1992) .........................................8

*Halsey v. Pfeiffer*, Civil Action No. 09-1138, 2010 U.S. Dist. LEXIS 97590, at *3 (D.N.J. Sep. 16, 2010)................................................................8

*In re Fine Paper Antitrust Litig.*, 685 F.2d 810 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983)..........................................................................13

*Koninklijke Philips Elecs. N.V. v. Hunt Control Sys.*, 2014 U.S. Dist. LEXIS 157793, at *4 (D.N.J. Nov. 7, 2014) ...............................................9

*Koplove v. Ford Motor Co.*, 795 F.2d 15 (3d Cir. 1986)........................................21

## TABLE OF AUTHORITIES

*Kounelis v. Sherrer*, 529 F. Supp. 2d 503 (D.N.J. 2008).........................................9

*Kresefsky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54 (D.N.J. 1996) .............................................................................................8

*Marks v. Struble*, 347 F. Supp. 2d 136 (D.N.J. 2004) ...............................................8

*McGrath v. Rainbow Pediatrics, P.C.*, No. 19-cv-4714 (MJS), 2021 U.S. Dist. LEXIS 153678 (D.N.J. Aug. 16, 2021).....................................18

*Mid-Century Ins. Co. v. Nelson*, No. 19-cv-8564 (FLW), 2021 U.S. Dist. LEXIS 165855, at *7 (D.N.J. Sep. 1, 2021)........................................18

*Nagy v. Outback Steakhouse*, No. 19-cv-18277 (RK) (DEA), 2024 U.S. Dist. LEXIS 104315, at *23 (D.N.J. June 12, 2024) ........................11

*Sabatino v. Union Twp.*, No. 11-cv-1656 (JLL), 2013 U.S. Dist. LEXIS 54866 (D.N.J. Apr. 15, 2013) ......................................................18

*Schneck v. IBM*, No. 92-cv-4370 (GEB), 1993 U.S. Dist. LEXIS 21576, at *6 (D.N.J. July 26, 1993) .......................................................17

*Spring Creek Holding Co. v. Keith*, No. 02-cv-376 (JLL), 2006 U.S. Dist. LEXIS 58240 (D.N.J. Aug. 18, 2006)..........................................18

*Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212 (3d Cir. 2007).........................................................................................9

*Turner v. Schering-Plough Corp.*, 901 F.2d 335 n.4 (3d Cir. 1990)........................................................................................20

*UMG Recordings, Inc. v. RCN Telecom Servs., LLC*, No. 19-cv-17272, 2024 U.S. Dist. LEXIS 146884, at *9 (D.N.J. Aug. 16, 2024)........................................................................................13

*United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948).........................................9

*United States v. Waterman*, 755 F.3d 171 (3d Cir. 2014) .......................................9

*United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001 (3d Cir. 1987).......................................................................................11

## TABLE OF AUTHORITIES

*Vangjeli v. Banks*, 2020 U.S. Dist. LEXIS 62665, at \*4-5 (E.D. Pa. Apr. 3, 2020)...............................................................................................15

*Washington v. Ellis*, Civil Action No. 3:17-cv-7243-PGS-TJB, 2022 U.S. Dist. LEXIS 143999, at \*3 (D.N.J. July 20, 2022) ..............................9

**Statutes**

28 U.S.C. § 636(b)(1)(A) .................................................................................8

**Rules**

Fed. R. Civ. P. 26 ............................................................................................4

Fed. R. Civ. P. 72(a)............................................................... 8, 11, 13, 20

L. Civ. R. 72.1(c)(1)(A) .............................................................................8, 13

Rule 16(b)(4)........................................................................... 7, 10, 18

Rule 26(b)(1)....................................................................................................20

Rule 72.1(c)(1)(A) .....................................................................................4, 21

Please accept this memorandum of law on behalf of Jason MacDonald, Christopher McDonough, Corey Amon, Dini Ajmani, Derrick Green, George Helmy, and Matthew Platkin (collectively hereinafter "Individual State Defendants") in opposition to plaintiff Blueprint Capital Advisor LLC's ("BCA's") appeal from Magistrate Judge Hammer's Amended Scheduling Order of December 15, 2025.

## PRELIMINARY STATEMENT

BCA appeals from Magistrate Judge Hammer's Scheduling Order, asserting that the Order improperly prevented BCA from pursuing some unspecified document discovery beyond the tens of thousands of documents previously produced in this long-standing action. However, that Order merely reflected the Court's prior ruling that document discovery had already ended. Indeed, Magistrate Judge Hammer's December 15, 2025 Order referenced his prior ruling, in which the Court had quashed numerous BCA subpoenas and document demands because they were served after the document discovery deadline. (ECF No. 512.) BCA did not appeal that prior ruling. Thus, it has waived its right to challenge that ruling, and it cannot use an appeal of a scheduling order to revive that right.

1

BCA's appeal also fails on the merits. Magistrate Judge Hammer was correct in determining that the deadline for written discovery had long since passed.[1] Even plaintiff acknowledges that the time for pursuing new documentary discovery expired in May 2024 at the very latest. That is because the Court made it very clear to all parties that any outstanding issues relating to the written discovery were to be brought to the Court's attention by March 22, 2024, with fact discovery ending on May 22, 2024. At that time, BCA submitted a lengthy letter to the Court, which set forth the limited discovery issues that remained and, in so doing, made clear that it was well aware of these deadlines. For over a year, it did not seek an extension of these deadlines.

BCA attempts to misdirect the Court's attention by asserting that BCA and certain defendants pursued written discovery after the May 22, 2024 deadline established by the Court. That is of no import. The Individual State Defendants had a full understanding that document discovery was over and conducted no additional discovery. (ECF 285.)  That other defendants may have pursued additional discovery is simply beside the point—and they retracted any outstanding discovery demands that were served after the deadline. For our part, following the May 22, 2024, discovery end date, the Individual State Defendants did not issue a single Notice to

---

[1]     With the exception of the deadline for serving contention interrogatories, which Magistrate Judge Hammer set for June 1, 2026, consistent with Local Civil Rule 33.1(d).

Produce to any party; nor did they issue any subpoenas duces tecum to any third parties.

BCA also fails to explain how the Magistrate Judge's Scheduling Order will cause prejudice. While BCA's Amended Complaint contains several counts, its central arguments are twofold: (1) defendants allegedly misappropriated BCA's "proprietary" investment program, and (2) the Individual State Defendants allegedly discriminated against BCA because it was a minority-owned business. To the extent BCA needed documents to support these claims, it has had ample opportunity— years—to obtain them. More importantly, BCA has in fact availed itself of that opportunity, as the parties have collectively produced hundreds of thousands of pages of discovery. BCA has also had ample opportunity to raise any concerns it has regarding the documents produced to date with the Court, resulting in multiple discovery issues raised with the Magistrate Judge and the appointment of a special discovery master to facilitate the resolution of those disputes. Additionally, BCA conspicuously fails to identify the specific documents it might wish to obtain if given more time to conduct discovery, why it was unable to obtain those documents during the proper discovery period, and how these documents are critical to its case. Given the sheer volume of documents produced in this case, it is difficult to imagine that BCA has not obtained all documentary evidence, whether favorable or unfavorable, that may be relevant to its claims. And yet, BCA is intent on engaging in a classic

fishing expedition, after years of exhaustive discovery, in the hope that it might find some document to support its claims. Such an effort is not permitted under Fed. R. Civ. P. 26.

Lastly, BCA's discovery demands fail the proportionality test when weighed against the prejudice they would impose on the nonmovants. The defendants should not be forced to endure further delays or the additional burden of producing still more documentary discovery. BCA has the opportunity to depose the parties, allowing it to elicit evidence regarding its claims. Nothing more is required.

Pursuant to Local Rule 72.1(c)(1)(A), this Court must uphold the Magistrate Judge's Order unless it was "clearly erroneous or contrary to law." As set forth herein, BCA's objection is baseless. It does not explain how Judge Hammer's scheduling order was "clearly erroneous or contrary to law," particularly since the order simply enforced previously entered case management orders, plaintiff did not timely seek an extension of those deadlines, and plaintiff did not meet the good cause standard nor identify any particular discovery that was necessary to warrant an extension of time. Accordingly, the December 15, 2025, scheduling order should be affirmed.

4

## BACKGROUND

Plaintiff has been prosecuting this action and its claims since 2020. After the Court's December 23, 2022, decision partially granting defendants' motions to dismiss, the case entered fact discovery, subject to explicit discovery deadlines.

On January 19, 2023, the Court entered a scheduling order that provided that "The parties may serve initial written discovery requests on or before **February 3, 2023,**" and set a June 2023 deadline to resolve written discovery disputes. (ECF No. 212.) On October 19, 2023, the Court amended the schedule, extending deadlines to complete document discovery, to raise written discovery disputes, and to close fact discovery. (ECF No. 264.)

On February 23, 2024, the Court again modified the schedule, requiring written discovery disputes to be raised by March 22, 2024, and closing fact discovery two months later on May 22, 2024. (ECF No. 285.) Shortly after, the case was reassigned from Magistrate Judge Kiel to Magistrate Judge Hammer, who remains actively involved in managing the remaining pre-trial discovery. (ECF No. 296.)

The Court held conferences and required the parties to file joint status reports to resolve the remaining discovery issues. After an April 17, 2024, in-person conference, the Court directed the parties to submit an updated list of outstanding written discovery disputes by May 20, 2024. (ECF No. 314.) BCA submitted a letter identifying the written-discovery issues it believed remained unresolved, thereby

5

limiting the scope of remaining disputes. (ECF No. 330.) The Court and the parties addressed those issues as they prepared to transition from written discovery to depositions. (ECF No. 331.)

At no time during the discovery period did BCA seek to extend discovery. In fact, there was no need. During the discovery period, BCA served 350 document demands and more than 160 interrogatories solely on the Individual State Defendants. The search terms and custodians were heavily negotiated. For the Individual State Defendants alone, BCA requested over 40 searches *for each* of at least 15 custodians. This is all in addition to the onerous discovery requests it served on the other defendants.

Despite requesting and receiving this voluminous discovery, BCA never sought leave from the Court before unilaterally attempting to reopen written or document discovery. Instead, on November 26, 2024, without leave of Court, BCA served broad subpoenas and document demands on numerous State officials and entities—more than 18 months after the written discovery deadline and well after the discovery dispute cutoff. The Individual State Defendants moved to quash the subpoenas as untimely and contrary to the governing scheduling orders.

On November 26, 2025, Judge Hammer granted that motion in a comprehensive oral opinion. (ECF No. 508.) The Court found that the deadline for serving written discovery requests had expired, and the deadline for raising

6

discovery disputes had passed on March 22, 2024. (ECF No. 508, Tr. 25:7-9.) The Court requested an update on those discovery disputes by May The Court further found that BCA had failed to show good cause under Rule 16(b)(4) to reopen written discovery. (Tr. 39:13-15.) The burden of reopening document discovery, the Court concluded, would be disproportionate to the potential benefit of additional discovery, marginally relevant to resolving the issues in the case, and unduly prejudicial at that stage of the case. (Tr. 30:4-7, 37:9-13, 40:16-21.)

Plaintiff did not appeal that decision, and it is now out of time to do so. After that ruling, the parties submitted a joint status report with a proposed case management schedule. (ECF No. 511.) On December 15, Judge Hammer entered an Amended Scheduling Order confirming that written discovery had long since closed. (ECF No. 512.) BCA now appeals only the Amended Scheduling Order despite having nearly four years to conduct extensive discovery and having failed to appeal Judge Hammer's November 26, 2025, opinion.

For the reasons herein, BCA's appeal of the Amended Scheduling Order should be denied.

7

# LEGAL ARGUMENT

## POINT I

### JUDGE HAMMER'S DECISION TO ENFORCE A PRE-EXISTING SCHEDULING ORDER WAS NOT "CLEARLY ERRONEOUS."

A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

When a magistrate judge's decision involves a discretionary matter such as the need for extended time to conduct a deposition or take discovery, "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Halsey v. Pfeiffer*, Civil Action No. 09-1138, 2010 U.S. Dist. LEXIS 97590, at *3 (D.N.J. Sep. 16, 2010). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference…." *Kresefsky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) (emphasis

8

added); *see also Anjelino v. New York Times Co.*, 200 F.3d 173, 88 (3d Cir. 1999); *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 237 (D.N.J. 2022). Compared to the "clearly erroneous" standard, the "abuse of discretion" standard is considered "<u>even more deferential</u>." *Koninklijke Philips Elecs. N.V. v. Hunt Control Sys.*, 2014 U.S. Dist. LEXIS 157793, at *4 (D.N.J. Nov. 7, 2014) (emphasis added) (J. Salas); *Washington v. Ellis*, Civil Action No. 3:17-cv-7243-PGS-TJB, 2022 U.S. Dist. LEXIS 143999, at *3 (D.N.J. July 20, 2022) (same) (J. Sheridan).

*Arguendo*, even if the clearly erroneous standard applied—and we assert that an even more lenient standard applies—plaintiff has the burden to leave the district court with a "definite and firm conviction" of mistake. *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). It requires, "clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 572 (1985)).

9

Here, Magistrate Judge Hammer's Amended Scheduling Order cannot be "clearly erroneous," and is clearly not an abuse of discretion, because the Court merely memorialized the timeline recognized in a previous decision that BCA has not appealed, BCA failed to timely seek additional time, BCA continues to fail to identify specific discovery that is necessary and would be prejudicial to proceed without, and BCA has not established good cause why such discovery could not have been conducted within the substantial discovery period that was already allocated. Accordingly, BCA's appeal must be denied.

## POINT II

**BCA HAS FAILED TO SHOW THAT THE AMENDED SCHEDULING ORDER SHOULD BE DISTURBED.**

**A.     BCA Cannot Use The Amended Scheduling Order To Revive A Waived Objection To The Close Of Discovery.**

BCA's appeal fails at the outset because it seeks to relitigate an issue that has already been decided and for which it waived appeal: that written discovery closed long before BCA served the discovery demands at issue.

On November 26, 2025, in quashing BCA's November 2024 subpoenas and document requests, Magistrate Judge Hammer expressly found that (1) the deadline to serve initial written discovery was February 3, 2023; (2) the deadline to raise written-discovery disputes was March 22, 2024; and (3) BCA failed to show good cause to reopen discovery under Rule 16(b)(4). The subpoenas that plaintiff served

10

on some of the highest government officials (including the Governor of the State of New Jersey) were therefore untimely and improper.

BCA did not object to that ruling, and the time to do so has expired. As a result, Magistrate Judge Hammer's November 26, 2025, opinion is now final and binding on the parties. *Cresci v. Gyess*, No. 17-cv-2342 (KM/MAH), 2019 U.S. Dist. LEXIS 60764, at *2 (D.N.J. Apr. 8, 2019) ("[A] party's failure to object to a magistrate's ruling waives the party's objection." (quoting *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1006 (3d Cir. 1987))). The Court conclusively resolved the dispute over deadlines that BCA now attempts to revive in the guise of challenging a scheduling order.

The Amended Scheduling Order did not reopen or reconsider those issues. It merely memorialized the November 26, 2025 ruling by confirming that the time for written discovery and written-discovery disputes has long been closed. A party may not "end-run around" the waiver of its appellate rights by objecting to the enforcement of a ruling it failed to appeal. *Nagy v. Outback Steakhouse*, No. 19-cv-18277 (RK) (DEA), 2024 U.S. Dist. LEXIS 104315, at *23 (D.N.J. June 12, 2024).

Rule 72(a) forecloses BCA's appeal here. Because it failed to object to Judge Hammer's November 26, 2025, Order within 14 days, it "may not assign as error" any defect in that Order. Fed. R. Civ. P. 72(a). BCA allowed the discovery determinations to become final and cannot now attack them indirectly by

11

challenging a subsequent scheduling order incorporating the prior ruling.

BCA's arguments underscore that it waived its right to appeal the November 26, 2025, opinion. Its assertions that no written-discovery deadline existed, that March 22, 2024, was not a true cutoff, and that discovery remained open by course of conduct (Pb15–19) directly implicate Magistrate Judge Hammer's findings that BCA has not appealed. BCA even openly asks for a new written discovery deadline that would make its "requests and subpoenas served to date" retroactively timely. (Pb23.) Those arguments are barred because BCA failed to raise them through the appropriate channels, that is, by appealing Magistrate Judge Hammer's November 26, 2025, ruling. BCA cannot evade an unfavorable ruling by appealing a scheduling order, and if BCA's application were granted, BCA would undoubtedly seek to retroactively legitimize dozens of *other* untimely third-party subpoenas, without having shown or proffered good cause for each.

Because BCA failed to appeal the order that decided the written-discovery issue, it forfeited any challenge to that decision. The appeal should be denied on waiver grounds alone.

## B. Judge Hammer Correctly Enforced Long-Expired Written-Discovery And Dispute Deadlines.

Even if BCA had preserved its objections, the appeal would fail on the merits because the Amended Scheduling Order neither reopens nor alters discovery; it simply enforces deadlines the Court had already found expired.

12

Discovery management—especially in a case of this age and complexity—lies within the magistrate judge's discretion and may be disturbed only if "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L.Civ.P. 72.1(c)(1)(A). It would require a finding that Judge Hammer abused his discretion: that his action was "arbitrary, fanciful[,] or unreasonable," such that no reasonable person would adopt his view. *UMG Recordings, Inc. v. RCN Telecom Servs., LLC*, No. 19-cv-17272, 2024 U.S. Dist. LEXIS 146884, at *9 (D.N.J. Aug. 16, 2024) (citations omitted). Discovery rulings warrant reversal only in the exceedingly rare case where the court's action "made it impossible to obtain crucial evidence" and "more diligent discovery was impossible." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983). The Amended Scheduling Order easily meets—and far exceeds—this exacting standard, leaving no basis for reversal.

Judge Hammer anchored his scheduling order in the record: the February 23, 2024 Order (ECF No. 286), the April 17, 2024 dispute-identification order (ECF No. 314), and BCA's failure to act timely. He found that the deadline to serve written discovery expired in 2023 and that BCA's ability to pursue written discovery beyond the 2023 deadline ended no later than May 2024. The Court directed the parties to raise all written-discovery disputes by March 22, 2024. (ECF No. 285.) BCA did so, submitting a letter defining the disputes it sought to pursue and obtaining the corresponding discovery. (ECF No. 330.) BCA did not—then or at any point

13

afterwards—seek leave for additional written discovery.

That choice was dispositive. When the Court requires a party to identify all remaining discovery disputes, the party must do so completely. The party is not entitled to revise or expand discovery months or years later, particularly in a case pending more than five years.

None of BCA's arguments approaches the "clearly erroneous" standard. BCA first argues that there was "no governing deadline" to serve written discovery, or that if the deadline was February 3, 2023, it applied only to "initial" requests and did not bar later written discovery. (Pb12, 16.) However, even if that were the case, the deadline to serve written discovery requests clearly expired by May 22, 2024, the deadline to raise any disputes regarding those requests. (ECF 285) ("No fact discovery shall be issued or engaged in beyond that date [May 22, 2024], except for good cause shown.").

BCA cites no precedent—and the Individual State Defendants are aware of none—for ruling that the parties' post-deadline practice overrides a court-ordered deadline or amends a scheduling order. The record also refutes its claim: the Individual State Defendants did not serve new document requests or subpoenas after the written-discovery deadline, consistent with the Court's directive that document discovery had closed except for discrete, previously identified issues.

BCA's reliance on Judge Hammer's oral remarks fares no better. Oral

14

comments are not orders, and worse yet, BCA mischaracterizes them. Judge Hammer's January 2025 statement that "hard-and-fast deadlines right now would be a fool's errand" occurred during a discussion of deposition scheduling, not written discovery. (ECF No. 395, Tr. 21:15-22:18.) The Court did not open written discovery or render existing discovery deadlines "moot." The notion that the Court extended **all** discovery deadlines and made the May 2024 deadline "plainly moot" (Pb17–18) misconstrues the record.

Nor did Judge Hammer "retroactively" impose any deadlines. BCA emphasizes the word "initial" in the February 3, 2023 deadline, yet this does not transform that deadline into an open-ended authorization for later requests, especially those served months or years after   the Court stated that fact discovery was closed, at the latest by May 22, 2025. (ECF No. 285.) A party's "own assumptions are not a valid basis for disregarding [a scheduling] order." *Arzadi v. Evanston Ins. Co.*, Civil Action No. 2:17-cv-5470 (SDW)(CLW), 2021 U.S. Dist. LEXIS 35862, at *7 (D.N.J. Feb. 25, 2021) (quoting *Vangjeli v. Banks*, 2020 U.S. Dist. LEXIS 62665, at *4-5 (E.D. Pa. Apr. 3, 2020) (holding that, if a party believed that a portion of a scheduling order "was inadvertent or otherwise in error, they could have and should have sought clarification or moved to amend the scheduling order.")). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Indeed, [d]isregard of the

15

order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Baker v. United States Marshal Serv.*, 2014 U.S. Dist. LEXIS 76662, at *5-6 (D.N.J. June 5, 2014) (quoting *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005)).

The Court reiterated that discovery was closing when it ordered that "[n]o fact discovery shall be issued or engaged in beyond" May 22, 2024, "except for good cause shown," and that "[a]ll disputes relating to written discovery requests" must be raised by March 22, 2024. (ECF No. 285.) Even if that were not enough to resonate with BCA, the Court's April 2024 reminder that the parties must identify "any and all" outstanding discovery disputes (ECF No. 314), along with the Court's discrete extensions for the parties to "resolve the remaining written discovery disputes" (ECF No. 331; *see, e.g.*, ECF Nos. 346, 356), confirmed that no new requests were permitted.  BCA did not seek an extension. *See GlobespanVirata, Inc. v. Texas Instruments, Inc.*, C.A. No. 03-2854 (GEB), 2005 WL 1638136, at *4 (D.N.J. July 11, 2005) (citation and quotation omitted).

BCA also misstates the significance of later dispute resolution. The Court expressly found that post-cutoff proceedings addressed only disputes timely identified before March 22, 2024, not new written discovery or new disputes. The Court removed any doubt about finality, directing that "[a]ll disputes relating to

16

written discovery requests shall be brought before the Court . . . by March 22, 2024, or shall be deemed waived and will not be considered by the Court." (ECF No. 512 at 1 n.1 (quoting ECF No. 285).) Fact discovery was extended through May 22, 2024, and "no fact discovery [was to] be issued or engaged in beyond that date, except for good cause shown." (ECF No. 285.) That Order forecloses BCA's appeal.

The Amended Scheduling Order is also fully consistent with the federal rules. Rule 16 requires firm discovery limits and grants courts broad authority to enforce them. After years of extensive document production and prolonged discovery disputes, Judge Hammer acted well within that authority by enforcing discovery deadlines. He also correctly recognized that Rule 26 reinforces that authority: it forbids "fishing" expeditions and authorizes courts to reject discovery requests that are "too broad and oppressive." (ECF No. 508, Tr. 29:16-20 (quoting *Schneck v. IBM*, No. 92-cv-4370 (GEB), 1993 U.S. Dist. LEXIS 21576, at *6 (D.N.J. July 26, 1993)).) Rule 26's proportionality requirement thus confirms that renewed, open-ended document discovery at this stage would be improper.

Because BCA identifies no error in Judge Hammer's reasoning or conclusions, the Court should affirm the Amended Scheduling Order.

## C.    BCA Has Failed To Meet The "Good Cause" Standard.

Apart from waiving its objections and failing to identify any clear error in Judge Hammer's Amended Scheduling Order, BCA failed to establish any "good

17

cause" required to modify a scheduling order under Rule 16(b)(4). (ECF No. 285) ("No fact discovery shall be issued or engaged in beyond that date [May 22, 2024], except for good cause shown.").

Good cause to reopen discovery depends on (1) the movant's "good faith and diligence," (2) "the importance of the evidence," (3) the "logistical burdens and benefits" of reopening discovery, and (4) prejudice to the nonmovant. *Mid-Century Ins. Co. v. Nelson*, No. 19-cv-8564 (FLW), 2021 U.S. Dist. LEXIS 165855, at *7 (D.N.J. Sep. 1, 2021) (citation omitted).

BCA did not address these factors at all in its opening brief.[2] Judge Hammer, by contrast, did consider these factors in an earlier decision in November, which is not the subject of this appeal, and to which BCA failed to object. The Court found

---

[2] The cases BCA cites are inapposite; all but one dealt with plaintiffs' amending complaints based on specific revelations during discovery. *Green v. Olson*, No. 21-cv-14144 (RMB/EAP), 2024 U.S. Dist. LEXIS 97882 (D.N.J. June 3, 2024) (plaintiff's new counsel could amend complaint to add defendants identified in discovery); *McGrath v. Rainbow Pediatrics, P.C.*, No. 19-cv-4714 (MJS), 2021 U.S. Dist. LEXIS 153678 (D.N.J. Aug. 16, 2021) (plaintiff could amend complaint based on information learned during deposition); *Sabatino v. Union Twp.*, No. 11-cv-1656 (JLL), 2013 U.S. Dist. LEXIS 54866 (D.N.J. Apr. 15, 2013) (plaintiff could amend complaint to name the proper parties based on information learned during discovery). In the one case where the plaintiff sought to reopen discovery, *Spring Creek Holding Co. v. Keith*, the Court rejected the plaintiff's application and affirmed the magistrate judge's ruling, underscoring the great deference given to magistrate judges' management of discovery. No. 02-cv-376 (JLL), 2006 U.S. Dist. LEXIS 58240 (D.N.J. Aug. 18, 2006) (finding that a prior order precluding plaintiff's counsel from "filing further discovery motions" did not prevent plaintiff from timely seeking additional discovery).

that the *good faith* factor was at best neutral, while the *evidentiary importance*, *logistical burdens and benefits*, and *prejudice to nonmovant* factors weighed "heavily against reopening discovery." (Tr. 27:20-28:16 (good faith), 28:23-25 (evidentiary importance), 39:20-21 (logistical burdens and benefits and prejudice to nonmovant).) Those findings were correct when Judge Hammer made them last November and cannot be challenged now. In any event, BCA points to nothing that would support—let alone require—a different outcome.

First, Magistrate Judge Hammer expressly directed BCA to identify all remaining written-discovery disputes by March 2024. BCA failed to seek any additional discovery at that time. Rule 16 does not permit a party to disregard expired deadlines based on hindsight or shifts in strategy.

Second, BCA never identified the documents it supposedly lacks, how such documents relate to their case, and any alleged prejudice it would suffer as to these demands. Moreover, Judge Hammer already squarely addressed the relevance of the topics in the subpoenas BCA belatedly served (Tr. 30:4-9 (finding BCA's requested discovery "not sufficiently relevant to reopen written discovery at this late stage"), 37:14-39:15 (finding BCA's requested discovery irrelevant or "so marginal as to not warrant reopening discovery"), 39:16-40:21 (concluding that reopening written discovery would spark extensive privilege disputes and "severely protract" fact discovery, "substantially delay" a merits adjudication, and "prove both burdensome

19

and prejudicial").) Speculation that additional documents might exist is insufficient to justify reopening discovery, and disagreement with the Court's proportionality assessment does not establish clear error under Rule 72(a).

With respect to the third and fourth factors, reopening discovery would also impose substantial logistical burdens and prejudice the Individual State Defendants and other defendants. The Amended Scheduling Order provides BCA with ample opportunity to obtain discovery, including by serving contention interrogatories, conducting fact depositions through July 2026, and conducting full expert discovery thereafter. That schedule allows BCA to develop its claims without reopening written discovery that Magistrate Judge Hammer correctly held closed under the case's posture and well-established proportionality principles.

Rule 26(b)(1) supports the Amended Scheduling Order. After years of extensive document production, reopening document discovery would be disproportionate, burdensome, and unlikely to yield material evidence beyond what the parties already possess. Enforcing final discovery boundaries and moving the case into depositions and expert discovery is textbook case management under Rules 16 and 26. *See Turner v. Schering-Plough Corp.*, 901 F.2d 335, 341 n.4 (3d Cir. 1990) ("Rule 16 'scheduling orders are at the heart of case management,' and if they can be flouted every time counsel determines she made a tactical error in limiting discovery 'their utility will be severely impaired.'" (quoting *Koplove v. Ford Motor*

20

*Co.*, 795 F.2d 15, 18 (3d Cir. 1986))).

Because BCA failed to show good cause and identified no prejudice from proceeding under the Amended Scheduling Order, that Order should be affirmed.

## CONCLUSION

For the reasons set forth above and in Judge Hammer's December 15, 2025, Amended Scheduling Order (ECF No. 512), Plaintiff has failed to carry its burden of showing that the Amended Scheduling Order was "clearly erroneous" under Local Civil Rule 72.1(c)(1). Accordingly, Judge Hammer's Amended Scheduling Order should be affirmed in full.

Respectfully submitted,

CONNELL FOLEY LLP
Attorneys for the Individual State
Defendants,
*Jason MacDonald, Christopher
McDonough, Corey Amon, Dini
Ajmani, Derrick Green, George
Helmy, and Matthew Platkin*

BY:   s/ John P. Lacey
      _____
      JOHN P. LACEY

DATE:   February 17, 2026

21